LATHAM & WATKINS LLP
  Marvin S. Putnam (Bar No. 212839)
    *marvin.putnam@lw.com*
  Laura R. Washington (Bar No. 266775)
    *laura.washington@lw.com*
10250 Constellation Blvd., Suite 1100
Los Angeles, California 90067
Telephone: +1.424.653.5500
Facsimile: +1.424.653.5501

*Attorneys for Defendants*
Netflix, Inc., and
Netflix Worldwide Entertainment, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIONA HARVEY,<br><br>         Plaintiff,<br><br>   v.<br><br>NETFLIX, INC., and NETFLIX WORLDWIDE ENTERTAINMENT, LLC,<br><br>         Defendants. | Case No. 2:24-cv-04744-RGK-AJR<br><br>**DEFENDANTS' NOTICE OF MOTION AND SPECIAL MOTION TO STRIKE**<br><br>Date:   September 3, 2024<br>Time:  9:00 a.m.<br>Place:  Courtroom 850<br><br>Hon. R. Gary Klausner |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

Case No. 2:24-cv-04744-RGK-AJR
DEFENDANTS' NOTICE OF MOTION AND
SPECIAL MOTION TO STRIKE

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, on September 3, 2024 at 9:00 a.m., or as soon thereafter as the matter may be heard by the Honorable R. Gary Klausner, in the United States District Court for the Central District of California located at 255 East Temple Street, Los Angeles, CA 90012, Courtroom 850, defendants Netflix, Inc., and Netflix Worldwide Entertainment, LLC (collectively, "Netflix"), by and through their undersigned counsel, will and hereby do, move the Court to strike the complaint of Fiona Harvey ("Harvey") (ECF No. 1) pursuant to California Code of Civil Procedure section 425.16 (the "anti-SLAPP statute").

This special motion to strike is made pursuant to the anti-SLAPP statute on the grounds that (1) Harvey's claims arise out of Netflix's free speech activities protected by the First Amendment, and (2) Harvey has not demonstrated that her claims are legally sufficient and substantiated.

Harvey's claims are premised on Netflix's distribution of *Baby Reindeer* (the "Series")—an expressive, fictional television series which addresses topics and persons of public interest. Harvey's claims thus plainly arise from protected activity.

Harvey also does not meet her burden to establish that her claims are legally sufficient and substantiated. Harvey's defamation claim should be stricken because: (1) she does not establish that Netflix made any provably false statements about her; (2) the alleged defamatory statements are substantially true; (3) the alleged defamatory statements are non-actionable opinion; and (4) Harvey does not establish that Netflix acted with actual malice. Because Harvey's defamation claim is legally insufficient and unsubstantiated, her other claims, which are premised on the same allegations, must also be stricken.

This special motion to strike is based on this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Marvin S. Putnam, the Declaration of Richard Gadd, the Declaration of Laura Wray, the Declaration of Craig Seymour, the Declaration of Anne Mensah, the Declaration of Louise Oakley,

Netflix's Request for Judicial Notice in support of Netflix's Anti-SLAPP Motion, all pleadings on file in this action, and such oral argument as may be presented on this motion.

This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on July 11, 2024. Counsel for the parties were unable to reach a resolution that would have made this motion unnecessary.

Dated: July 29, 2024                    Respectfully submitted,

                                              LATHAM & WATKINS LLP
                                              Marvin S. Putnam

By  /s/ *Marvin S. Putnam*
    Marvin S. Putnam
    Attorneys for Defendants
    Netflix, Inc., and Netflix Worldwide Entertainment, LLC