# EXHIBIT 3

EXHIBIT 3
Page 26

# Jobseeker's Allowance

RECEIVED
21 NOV 1997

L.H. LAWERENCE
18 WOODSIDE TERRACE
GLASGOW

Reference: P / A

Date: 19/11/97

Dear Sir or Madam

I am writing to ask for information to help the Adjudication Officer assess whether the person named below can receive Jobseeker's Allowance. This will enable the provisions of the Jobseekers Act to be properly administered and help safeguard the National Insurance Fund.

Under the Jobseekers Act anyone who leaves a job voluntarily or loses a job through misconduct can lose Jobseeker's Allowance for up to 26 weeks.

Would you please:

- check the details below and change any that differ from your records;
- answer the questions at Part 2 over the page by completing the relevant boxes.

Your reply may be shown to the person or anyone acting on their behalf. The adjudication officer may write to you again if further information is needed.

Please reply within **one week**. Thank you for your co-operation.

Yours sincerely

MR J MARSHALL

for Business manager

## Part 1: Jobseeker's Details

| Name | Department/Work Location |
|---|---|
| Muir  FM | |

| National Insurance number | Title | Site of Employment |
|---|---|---|
| NH 16 93 90 D | MISS | |

Capacity in which employed

TRAINEE LAWYER

Please return form to:

ANNIESLAND B JOBCENTRE
31 HERSCHELL STREET
GLASGOW

G13 1YJ

Check/Clock number

### DATA PROTECTION ACT
The information you provide will be input on computer.
It will only be used to enable a decision to be made
about whether the above person can receive Jobseekers Allowance.

EXHIBIT 3
Page 27
000028

When was the jobseeker employed by you?

From: Day `1` `3` Month `1` `0` Year `9` `7` to Day `2` `7` Month `1` `0` Year `9` `7`

BUT PAID FOR A FURTHER TWO WEEKS BY WAY OF NOTICE

What was the last day that they actually worked?
Day `2` `7` Month `1` `0` Year `9` `7`

Did the jobseeker work 16 hours or more per week?

Yes ✓

No ☐  How many hours did they work? `40`   What was their hourly rate? £ `10,000 PER ANNUM`

On which days of the week did they normally work? (please tick all boxes that apply)
Mon ✓   Tues ✓   Wed ✓   Thur ✓   Fri ✓   Sat ☐   Sun ☐

How did the job end?
- Left voluntarily ☐
- Redundancy ☐   Was it: compulsory? ☐  voluntary? ☐
- Dismissed for misconduct ✓
- Dismissed for other reasons ☐

Please give details of: the reasons the jobseeker gave for leaving: your reason for your decision to dismiss the jobseeker.

RUDENESS, DIFFICULT BEHAVIOUR WITH STAFF AND MYSELF, SABOTAGING OWN BUSINESS BY REFERRING POTENTIAL CLIENTS TO OTHER FIRMS OF SOLICITORS AND ACTING IN A COMPLETELY UNPROFESSIONAL MANNER. SINCE DISMISSAL MYSELF AND OTHER MEMBERS OF STAFF HAVE HAD TO PUT UP WITH THREATS AND SEVERAL ABUSE FROM MISS MUIR AND WE HAVE HAD TO INFORM THE LAW SOCIETY AND THE POLICE.

(continue on a separate sheet if necessary)

If the jobseeker had not left voluntarily or been dismissed for misconduct, would the job have lasted another 26 weeks?

Yes ✓   No ☐   When would it have ended? Day `1` `3` Month `1` `0` Year `9` `9`

Signed: [signature]   Telephone number: `0141 353 2022`
Name (CAPITALS): Miss/Ms `LAURA WALKER`   Date: `25` `1` `97`
Position in organisation: `PARTNER`

EXHIBIT 3
Page 28

FAO: Mrs Laura Walker

10 Jordanhill Drive
Flat 2/2
Jordanhill
GLASGOW G13 1SA
Tel. 0141 402-7290
Fax (01360) 850403
11 February, 1998

Dear Laura,

I wrote to you today longhand and I left a phone number Tracy, your receptionist, and she appeared to press a button on the phone so I am not sure if she got the number. I enclose this typewritten fax purely because it will be more legible for you.

Re:  Law Society and Job Centre Reference

Firstly, congratulations on your pregnancy. This should bring you some consolation in what are, according to the media, difficult family times.

A reference to Anniesland Job Centre regarding my dismissal came to my attention on Monday 9th February. The document you had completed for the Job Centre was dated 21st November 1997. This, I gather, is standard procedure for the Job Centre.

I knew from day one that the traineeship with yourself was not going to work out. By day two or three, I wanted to leave.

I do not agree with your comments in this letter to the Job Centre.

I have consulted a top firm of employment lawyers who agree that the reference is vitriolic in the extreme.

I appreciate these are difficult times for you and I simply wish to forget my time at L&L Lawrence.

Life is progressing well for me and I do not wish to "harbour grudges". I also believe that at the moment you can do without a legal wrangle with myself on top of the ongoing litigation that you have to contend with.

Law Society Waiver

This will possibly be required if I do not commence another traineeship in the very near future.

I think there is a 50/50 chance the Law Society would request a reference from yourself.

If a reference were to be written again like that of 21/11/97 then I would have no option but to take legal measures.

You are entitled to your opinion of me, as long as it is not defamatory, but needless to say, myself and a great many other people believe that the opinions expressed in this document dated 21/11/97 are defamatory.

I do not wish to resort to legal action with someone whom in the first instance I regarded as a friend and a Labour party colleague. I have always been of the opinion that L&L Lawrence undertake legal work for worthy causes. My reference to legal action against yourself is not a

00000621.doc

EXHIBIT 3
Page 29

threat, lest you should construe it as such. It is a measure that any reasonable person would take faced with such a document.

I shall certainly not take legal action if I can obtain a written guarantee from yourself that nothing as vitriolic as this will be written about me in the future to a third party.

Should I not receive such a guarantee from yourself within, say, ten days from today, I shall have no option but to take legal action.

Needless to say, I am contemplating employment elsewhere and presently have a number of political and other commitments and I avoid the subject of L&L Lawrence in interviews. People are obviously interested in the press coverage but I am not and I make no comment to them on matters concerning your firm.

I wish you all the best with the baby.

Best wishes.


FIONA MUIR

PS    This letter has not been signed by myself merely because I am not sitting at the fax machine at present. If you wish to fax me at the above fax number that is also acceptable as opposed to putting pen to paper.

10 Jordanhill Dv
Flat 2/2
Glasgow
G13 15A.
11/2/98
tel 0141 402 7290
+ voicemail.
fax 01360 850 403.

Dear Laura,

<u>Re: Law Society + Jobcentre Reference.</u>

Firstly, congratulations on your pregnancy. This should bring you some consolation in what are, according to the media, difficult family times.

A reference to Anniesland Jobcentre re my dismissal came to my attention last Monday. i.e. Monday 9th Feb. The document you had completed for the Jobcentre was dated 21st Nov 1997. This, I gather, is standard procedure for the Jobcentre.

I knew from Day 1. that the traineeship with yourselves was not going to work.

P.T.O →

EXHIBIT 3
Page 31

By Day 2 or 3, I wanted to leave.

I do not agree with your comments in this letter to the Job Centre.

I have consulted a top firm of employment lawyers who agree that the reference is incredible in the extreme.

I appreciate these are difficult times for you and I simply wish to forget my time at L. & L. Lawrence.

Life is progressing well for me and I do not wish to "harbour grudges". I also believe, that, at the moment, you can "do without" a legal wrangle with myself.

<u>Law Society waiver.</u> This will possibly be required if I do not commence another traineeship in the very near future.

I think there is a 50/50 chance the Law Society would request a reference from yourself.

If a reference were to be written again like that of 21/11/97, then I would have no option but to take legal measures to prevent it.

**EXHIBIT 3**
**Page 32**

2.

You are entitled to your opinion of me, as long as it is not defamatory, and I do not agree with the opinions expressed in this document dated 21/11/97.

My reference to legal action against yourself is not a threat, lest you should construe it as such. It is a measure that any reasonable person would take faced with such a document.

I shall certainly not take legal action if I can obtain a written guarantee from yourself that nothing as vitriolic as this will be written about me in the future to a 3rd party. ~~against myself~~

Should I not receive such a guarantee from yourself within, say, 10 days from today, I shall have no option but to take legal action.

I wish you all the best with the baby.

Typewritten copy to follow.

Best wishes,

Fiona Muir

**EXHIBIT 3**
**Page 33**

Our Ref: LW/MJ

Your Ref:

Friday 13 February, 1998

Miss Fiona Muir
10 Jordanhill Drive
Flat 2/2
Glasgow
G13 1SA

Dear Miss Muir.

I refer to your letter of 11th February, 1998.

I am obliged by law to reply to the Job Centre and I have to say that what I said in my reply to them was mild in comparison to what I might have said regarding your difficult and bizarre behaviour during the brief period you were with my firm.

I am not impressed by the implied threats in your letter about legal action and may I say it is a measure of my good nature that I have not so far taken any legal action against yourself regarding your harassment of me, other members of the firm and our clients. I have been made aware in the last few days that you have contacted several ex-employees of the firm and that you also contacted a Union client of ours to complain about us. The only consolation I have is that it has been obvious to all those to whom you have spoken that you are what can only be described as a very troubled young woman and no one has taken you seriously. I had hoped that after you received a warning from the police about your conduct that this would have been sufficient to discourage you from further acts of harassment but I must advise you that if you are going to persist then I shall take legal action against you.

I am not prepared to give you any undertakings about the content of a reference and I will not be blackmailed by you into agreeing the wording of such a reference in advance, in return for you not taking some form of legal action against me which does not appear to have any basis in law.

I hope this is the last occasion on which I hear from you.

Yours faithfully,
L.& L. LAWRENCE
Per:

EXHIBIT 3
Page 34