# EXHIBIT 10

EXHIBIT 10
Page 52

## SHERIFFDOM OF GLASGOW AND STRATHKELVIN
## AT GLASGOW



INITIAL WRIT

in causa

A 2041
A 20 02    CODE S
ORDINARY ACTION

**MRS LAURA WRAY**
residing at 12 Sunningdale Avenue,
Newton Mearns
**PURSUER**

against

**FIONA MUIR or HARVEY**
residing at Flat 2/2,
10 Jordanhill Drive,
Glasgow, G2
**DEFENDER**

The Pursuer craves the court: -

1. To interdict the Defender from molesting the Pursuer by abusing her verbally, threatening her, putting her into a state of fear and alarm or distress or using violence towards her; and to grant interim interdict.

2. To find the Defender liable in the expenses of the action.

### CONDESCENDENCE

1. The Pursuer resides at 12 Sunningdale Avenue, Newton Mearns. The Defender resides Flat 2/2, 10 Jordanhill Drive, Glasgow. The Pursuer seeks interdict against the Defender for wrongs likely to be committed within the said Sheriffdom. Accordingly this court has jurisdiction.

EXHIBIT 10
Page 53

2.  In or about October 1997 the Pursuer was the Managing Partner of L & L Lawrence Solicitors in Glasgow. On or about 13th October 1997 the Pursuer engaged the Defender as a Trainee Solicitor. However due to the Defenders rudeness, mood swings, difficult behaviour and unprofessional behaviour with both staff and clients, the Pursuer had no choice but to terminate the training contract on or about 27th October 1997. Since then the Defender has verbally abused and harassed the Pursuer on numerous occasions. The Pursuer had to issue all her staff with panic alarms in case they were assaulted by the Defender. The Defender has contact Drummond Miller, formally MacPhail Lawrence Partnership, the successor firm of L & L Lawrence to which the Pursuer was a Consultant, on numerous occasions verbally abusing the Pursuer. *Inter alia* on 3rd June 1999, the Pursuer telephoned said MacPhail Lawrence Partnership and advised them that "Laura is a lazy rat and sits on her backside doing nothing. It's a joke, she was taken on in this firm in the first place. I am fizzing and I am going to take strong action". Prior to the marriage of the Pursuer to Jimmy Wray MP, the Defender made various insulting comments about the wedding and the Pursuer's husband. A letter to David Wilson dated 3rd June 1999 from the Defender will be lodged in process and held to be repeated and incorporated *brevitatis causa*. On numerous occasions the Pursuer had encountered the Defender in the street in Glasgow and has been stared at by the Defender. In particular on the 21st September 1999 the Pursuer encountered the Defender in Douglas Street, Glasgow and stared at her for several minutes. The

EXHIBIT 10
Page 54

Defender wrote to said MacPhail Lawrence Partnership on 22nd September 1999 in abusive terms towards the Pursuer. The Defender's letter of 22nd September 1999 is attached in process and held to be repeated incorporated *brevitatis causa*. The Pursuer attends mainly high profile Labour Party events. After this letter the Pursuer was concerned that the Defender will attempt to approach her at such an event and verbally or physically assault her.

3.  In the summer of 2000 the Pursuer's husband was engaged in a high profile defamation action against the Mail on Sunday newspaper. During the course of the action the Defender contacted the Pursuer and the Pursuer's solicitors on numerous occasions threatening to write a book to expose her calling her numerous names *inter alia* "peroxide blond tart". The Pursuer has a 3 year old son who has development problems and is severally physically and mental handicapped. On or about 5th May 2000 the Defender wrote to the Law Society of Scotland with various spurious claims against her. *Inter alia* the Defender claimed that the Pursuer's father, "should be suing the various private schools this woman has entered and been thrown out of over the years essentially since they would have appeared to have taught this evil woman absolutely no values whatsoever". Amongst the allegations the Defender claimed that the Pursuer's son was, "a child who is backward no doubt as result of the two of them hitting him". The Pursuer has advised the Law Society of the Defender's behaviour. The Defender applied to the Law Society for an entrance certificate. The Admissions Committee of the Society had remitted the matter to the

EXHIBIT 10
Page 55

Standing Interviewing Panel to decide whether they consider the Defender to be fit and a proper person to become a solicitor. It is believed that the Law Society will make a decision on this in the near future. The Pursuer is concerned that if the Defender is not allowed to hold an entrance certificate the Defender will hold the Pursuer responsible for this and will physically or verbally assault her.

4. In or about October 2001 the Pursuer commenced classes in European Law and Private International Law at Strathclyde University with a view to going to the Bar in October 2002. On the first day of her classes the Pursuer encountered the Defender at one of her classes. In contacting the University she was advised that the Defender was not a student at the time. The Defender has continued to attend the class of European Law at Strathclyde University and on numerous occasions had intimidated the Pursuer by staring at her for long periods and standing close to her. The Pursuer has required to recruit other student to accompany her to her car when she leaves the University. In particular on the 23rd April 2002 the Defender appeared 20 feet from the Pursuer's car gesticulating and mouthing abuse at the Pursuer. When the Pursuer arrived home on that day she was met by the Social Work Department of East Renfrewshire Council who advised her that a complaint had been lodged by a fellow student at Strathclyde University. The Pursuer reasonably believes the complaint to have been lodged by the Defender. The Social Work Department advised that the complainer had alleged that she had witnessed the Pursuer physically assaulting her disabled son. At no time has the Pursuer

EXHIBIT 10
Page 56

assaulted her son The Social Work Department has accepted that the complaint is without any merit whatsoever. On 28th April 2002, the Sunday Mail newspaper prominently reported the Defenders behaviour under the headline "Stalker targets MP's son". The said Sunday Mail Article will be lodged in process and held to be repeated and incorporated *brevitatis causa*. The Pursuer is concerned for her own safety as result of the Defenders behaviour. She is due to sit exams at Strathclyde University on 13th & 21st May 2002. The Pursuer is concerned that the Defender will distrupt the class during the exam and will physically and verbally assault her. In these circumstances the Pursuer seeks interdict and interim interdict as craved.

## PLEAS IN LAW

1. The Pursuer having grounds to apprehend that the Defender will molest her is entitled to interdict and interim interdict as craved.

IN RESPECT WHEREOF

*[signature]*

Enrolled Solicitor
Messrs Drummond Miller
65 Bath Street
GLAGOW G2 2DD
Agent for the Pursuer

EXHIBIT 10
Page 57