| | |
|---|---|
| 1 | LATHAM & WATKINS LLP |
| 2 |   Marvin S. Putnam (Bar No. 212839) |
| |     *marvin.putnam@lw.com* |
| 3 |   Laura R. Washington (Bar No. 266775) |
| |     *laura.washington@lw.com* |
| 4 | 10250 Constellation Blvd., Suite 1100 |
| | Los Angeles, California 90067 |
| 5 | Telephone: +1.424.653.5500 |
| | Facsimile: +1.424.653.5501 |
| 6 | |
| 7 | *Attorneys for Defendants* |
| | Netflix, Inc., and Netflix Worldwide |
| 8 | Entertainment, LLC |

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIONA HARVEY, | Case No. 2:24-cv-04744-RGK-AJR |
| Plaintiff, | **[PROPOSED] ORDER GRANTING DEFENDANTS NETFLIX, INC. AND NETFLIX WORLDWIDE ENTERTAINMENT, LLC'S ANTI-SLAPP MOTION TO STRIKE** |
| v. | |
| NETFLIX, INC., and NETFLIX WORLDWIDE ENTERTAINMENT, LLC, | |
| Defendants. | Date: September 3, 2024<br>Time: 9:00 a.m.<br>Place: Courtroom 850 |
| | Hon. R. Gary Klausner |

**[PROPOSED] ORDER**

WHEREAS, defendants Netflix, Inc. and Netflix Worldwide Entertainment, LLC's (collectively, "Netflix" or "Defendants") Special Motion to Strike the Complaint filed by plaintiff Fiona Harvey ("Harvey") came on for hearing on September 3, 2024 before the Honorable. R. Gary Klausner in Courtroom 850 of the above-captioned court;

WHEREAS, having considered the motion and papers submitted in support thereof, all opposition papers, and all oral argument;

THEREFORE, the Court hereby orders that the special motion to strike is **GRANTED** on the grounds that Harvey's claims arise out of Netflix's conduct in furtherance of free speech, and Harvey has not demonstrated that her claims are legally sufficient and substantiated.  Harvey's claims arise from protected activity, as they are premised on Netflix's distribution of an expressive work which addresses topics and persons of public interest. *See Tamkin v. CBS Broad., Inc.*, 193 Cal. App. 4th 133, 143-44 (2011).  Harvey also does not meet her burden to establish that her claims have merit.  First, Harvey does not establish that Netflix made any provably false statements about her. *See Aguilar v. Universal City Studios, Inc.*, 174 Cal. App. 3d 384, 391 (1985); *Sarver v. Hurt Locker LLC*, 2011 WL 11574477, at *8 (C.D. Cal. Oct. 13, 2011); *Tamkin,* 193 Cal. App. 4th at 147; *Partington v. Bugliosi*, 56 F.3d 1147, 1154-55 (9th Cir. 1995); *Brodeur v. Atlas Enter., Inc.*, 248 Cal. App. 4th 665, 680 (2016); *Films of Distinction, Inc. v. Allegro Film Prods., Inc.*, 12 F. Supp. 2d 1068, 1081 (C.D. Cal. 1998).  Second, the alleged defamatory statements are substantially true. *See Elliott v. Lions Gate Entm't Corp.*, 639 F. Supp. 3d 1012, 1027 (C.D. Cal. 2022); *Jackson v. Mayweather*, 10 Cal. App. 5th 1240, 1262-63 (2017), as modified (Apr. 19, 2017). Third, the alleged defamatory statements are non-actionable opinion. *See Partington*, 56 F. 3d at 1154; *Ferlauto v. Hamsher*, 74 Cal. App. 4th 1394, 1401-03 (1999); *Underwager v. Channel 9 Australia*, 69 F.3d 361, 367 (9th Cir. 1995).

Fourth, Harvey does not establish that Netflix acted with actual malice. *See Kapellas v. Kofman*, 1 Cal. 3d 20, 36 (1969); *Mosesian v. McClatchy Newspapers*, 233 Cal. App. 3d 1685, 1696 (1991); *Planet Aid, Inc. v. Reveal*, 44 F.4th 918, 927 (9th Cir. 2022); *Denney v. Lawrence*, 22 Cal. App. 4th 927, 936 (1994); *Dworkin v. Hustler Magazine, Inc.*, 668 F. Supp. 1408, 1418 n.15 (C.D. Cal. 1987); *De Havilland v. FX Networks, LLC*, 21 Cal. App. 5th 845, 869 (2018). Because Harvey's defamation claim is legally insufficient and unsubstantiated, her other claims, which are premised on the same allegations, must also be stricken. *Gilbert v. Sykes*, 147 Cal. App. 4th 13, 34 (2007); *Planet Aid, Inc. v. Ctr. for Investigative Reporting*, 2021 WL 1110252, at *24 (N.D. Cal. Mar. 23, 2021); *Seelig v. Infinity Broad. Corp.*, 97 Cal. App. 4th 798, 812 (2002). Consequently, the Court strikes all causes of action in Harvey's complaint.

**IT IS SO ORDERED.**

Dated: _____, 2024

_____
Hon. R. Gary Klausner
United States District Judge