LATHAM & WATKINS LLP
  Marvin S. Putnam (Bar No. 212839)
    *marvin.putnam@lw.com*
  Laura R. Washington (Bar No. 266775)
    *laura.washington@lw.com*
10250 Constellation Blvd., Suite 1100
Los Angeles, California 90067
Telephone: +1.424.653.5500
Facsimile: +1.424.653.5501

*Attorneys for Defendants*
Netflix, Inc., and
Netflix Worldwide Entertainment, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIONA HARVEY,<br><br>        Plaintiff,<br><br>  v.<br><br>NETFLIX, INC., and NETFLIX WORLDWIDE ENTERTAINMENT, LLC,<br><br>        Defendants. | Case No. 2:24-cv-04744-RGK-AJR<br><br>**DEFENDANTS' NOTICE OF MOTION TO DISMISS COMPLAINT**<br><br>Date:    September 3, 2024<br>Time:   9:00 a.m.<br>Place:   Courtroom 850<br><br>Hon. R. Gary Klausner |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, on September 3, 2024 at 9:00 a.m., or as soon thereafter as the matter may be heard by the Honorable R. Gary Klausner, in the United States District Court for the Central District of California located at 255 East Temple Street, Los Angeles, CA 90012, Courtroom 850, defendants Netflix, Inc., and Netflix Worldwide Entertainment, LLC (collectively, "Netflix"), by and through their undersigned counsel, will and hereby do, move the Court pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss with prejudice the Complaint filed by plaintiff Fiona Harvey ("Harvey") (ECF No. 1).

This motion is made pursuant to Federal Rule of Civil Procedure 12(b)(6), on the ground that Harvey has failed to adequately allege her claims.

Specifically, Harvey's defamation claim fails because (1) she fails to adequately allege that *Baby Reindeer* (the "Series") makes any provably false statement of fact about her; (2) the alleged defamatory statements constitute legally protected opinion; (3) Harvey is a libel-proof plaintiff; and (4) Harvey fails to allege actual malice.

Harvey's other claims for intentional infliction of emotional distress ("IIED"), negligence, gross negligence, and right of publicity should be dismissed as duplicative of her defamation claim, as they are based on the same allegations. Still, each claim also fails on the merits.

Harvey fails to allege IIED because she does not adequately allege that Netflix engaged in outrageous conduct nor that such conduct was the cause of her supposed emotional distress.

Harvey fails to allege negligence and gross negligence because she does not sufficiently allege any element of negligence. Fatally, there is no legal duty to support her negligence-based claims, as the Series is an expressive work.

Harvey also fails to allege a violation of her right of publicity. First, the First Amendment prevents her from maintaining a right of publicity cause of action

premised on an expressive work such as the Series. Second, Harvey does not adequately allege (1) knowing use by Netflix of her likeness, or (2) a direct connection between that alleged use and the commercial purpose of creating the Series.

Finally, Harvey fails to allege punitive damages with respect to her defamation, IIED, gross negligence, and right of publicity claims because she has not pleaded oppression, fraud, or malice with the requisite specificity.

This motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Marvin S. Putnam, Netflix's Request for Judicial Notice in support of Netflix's Motion to Dismiss, all pleadings on file in this action, and such oral argument as may be presented on this motion.

This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on July 11, 2024. Counsel for the parties were unable to reach a resolution that would have made this motion unnecessary.

Dated: July 29, 2024

Respectfully submitted,

LATHAM & WATKINS LLP
Marvin S. Putnam

By  /s/ *Marvin S. Putnam*
Marvin S. Putnam
Attorneys for Defendants
Netflix, Inc., and Netflix Worldwide Entertainment, LLC