1  LATHAM & WATKINS LLP
2    Marvin S. Putnam (Bar No. 212839)
    *marvin.putnam@lw.com*
3    Laura R. Washington (Bar No. 266775)
    *laura.washington@lw.com*
4  10250 Constellation Blvd., Suite 1100
Los Angeles, California 90067
5  Telephone: +1.424.653.5500
Facsimile: +1.424.653.5501
6

7  *Attorneys for Defendants*
Netflix, Inc., and Netflix Worldwide
8  Entertainment, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| FIONA HARVEY, | Case No. 2:24-cv-04744-RGK-AJR |
|---|---|
| Plaintiff, | **[PROPOSED] ORDER GRANTING DEFENDANTS NETFLIX, INC. AND NETFLIX WORLDWIDE ENTERTAINMENT, LLC'S MOTION TO DISMISS** |
| v. | |
| NETFLIX, INC., and NETFLIX WORLDWIDE ENTERTAINMENT, LLC, | |
| Defendants. | Date: September 3, 2024<br>Time: 9:00 a.m.<br>Place: Courtroom 850<br><br>Hon. R. Gary Klausner |

# [PROPOSED] ORDER

WHEREAS, defendants Netflix, Inc. and Netflix Worldwide Entertainment, LLC's (collectively, "Netflix" or "Defendants") Motion to Dismiss the Complaint filed by plaintiff Fiona Harvey ("Harvey") came on for hearing on August 26, 2024 before the Honorable. R. Gary Klausner in Courtroom 850 of the above-captioned court;

WHEREAS, having considered the motion and papers submitted in support thereof, all opposition papers, and all oral argument, and good cause appearing therefore;

**IT IS HEREBY ORDERED THAT:**

1. Netflix's Motion to Dismiss Harvey's first cause of action for defamation *per se* is **GRANTED** without leave to amend on the grounds that (1) Harvey fails to adequately allege that *Baby Reindeer* (the "Series") makes any provably false statement of fact about her; (2) the alleged defamatory statements constitute legally protected opinion; (3) Harvey is a libel-proof plaintiff; and (4) Harvey fails to allege actual malice.  *See Aguilar v. Universal City Studios, Inc.*, 174 Cal. App. 3d 384, 391 (1985); *Brodeur v. Atlas Enter., Inc.*, 248 Cal. App. 4th 665, 680 (2016); *Sarver v. Hurt Locker LLC*, 2011 WL 11574477, at *8 (C.D. Cal. Oct. 13, 2011); *Films of Distinction, Inc. v. Allegro Film Prods., Inc.*, 12 F. Supp. 2d 1068, 1081 (C.D. Cal. 1998); *Partington v. Bugliosi*, 56 F.3d 1147, 1154 (9th Cir. 1995); *Underwager v. Channel 9 Australia*, 69 F.3d 361, 367 (9th Cir. 1995); *Wynberg v. Nat'l Enquirer, Inc.*, 564 F. Supp. 924, 927-28 (C.D. Cal. 1982); *De Havilland v. FX Networks, LLC*, 21 Cal. App. 5th 845, 856 (2018); *Planet Aid, Inc. v.* Reveal, 44 F.4th 918, 927 (9th Cir. 2022).

2. Netflix's Motion to Dismiss Harvey's second cause of action for intentional infliction of emotional distress is **GRANTED** without

|   |   |   |
|---|---|---|
| 1 | | leave to amend on grounds that it is duplicative of Harvey's |
| 2 | | defamation claim, *Silva v. Hearst Corp.*, 1997 WL 33798080, at *3 |
| 3 | | (C.D. Cal. Aug. 22, 1997), and because she does not adequately allege |
| 4 | | that Netflix engaged in outrageous conduct nor that such conduct was |
| 5 | | the cause of her supposed emotional distress, *see McClintock v. West*, |
| 6 | | 219 Cal. App. 4th 540, 556 (2013), *Atteukenian v. Ohio Sec. Ins. Co.*, |
| 7 | | 2023 WL 8939218, at *2 (C.D. Cal. Nov. 17, 2023). |
| 8 | 3. | Netflix's Motion to Dismiss Harvey's third cause of action for |
| 9 | | negligence is **GRANTED** without leave to amend on grounds that it |
| 10 | | is duplicative of Harvey's defamation claim, *Silva v. Hearst Corp.*, |
| 11 | | 1997 WL 33798080, at *3 (C.D. Cal. Aug. 22, 1997), and because she |
| 12 | | does not sufficiently allege any element of negligence, *see Schering* |
| 13 | | *Corp. v. First Databank Inc.*, 2007 WL 1068206, at *7 (N.D. Cal. |
| 14 | | Apr. 10, 2007); *McCollum v. CBS, Inc.*, 202 Cal. App. 3d 989, 1005- |
| 15 | | 06 (1988); *Epochal Enters., Inc. v. LF Encinitas Props., LLC*, 99 Cal. |
| 16 | | App. 5th 44, 56 (2024). |
| 17 | 4. | Netflix's Motion to Dismiss Harvey's fourth cause of action for gross |
| 18 | | negligence is **GRANTED** without leave to amend on grounds that it |
| 19 | | is duplicative of Harvey's defamation claim, *Silva v. Hearst Corp.*, |
| 20 | | 1997 WL 33798080, at *3 (C.D. Cal. Aug. 22, 1997), and because she |
| 21 | | does not sufficiently allege any element of negligence, *see Schering* |
| 22 | | *Corp. v. First Databank Inc.*, 2007 WL 1068206, at *7 (N.D. Cal. |
| 23 | | Apr. 10, 2007); *McCollum v. CBS, Inc.*, 202 Cal. App. 3d 989, 1005- |
| 24 | | 06 (1988); *Epochal Enters., Inc. v. LF Encinitas Props., LLC*, 99 Cal. |
| 25 | | App. 5th 44, 56 (2024). |
| 26 | 5. | Netflix's Motion to Dismiss Harvey's fifth cause of action for right of |
| 27 | | publicity (common law) is **GRANTED** without leave to amend on |
| 28 | | grounds that it is duplicative of Harvey's defamation claim, *Silva v.* |

|    |    |    |
|----|----|----|
| 1  |    | *Hearst Corp.*, 1997 WL 33798080, at *3 (C.D. Cal. Aug. 22, 1997); |
| 2  |    | the First Amendment prevents Harvey from maintaining a right of |
| 3  |    | publicity cause of action premised on an expressive work, *see Daly v.* |
| 4  |    | *Viacom, Inc.*, 238 F. Supp. 2d 1118, 1123 (N.D. Cal. 2002); *Twentieth* |
| 5  |    | *Century Fox Television a division of Twentieth Century Fox Film* |
| 6  |    | *Corp. v. Empire Distribution, Inc.*, 875 F.3d 1192, 1196 (9th Cir. |
| 7  |    | 2017), abrogated on other grounds by *Punchbowl, Inc. v. AJ Press,* |
| 8  |    | *LLC*, 90 F.4th 1022, 1028 (9th Cir. 2024); and Harvey does not |
| 9  |    | adequately allege (1) knowing use by Netflix of her likeness, or (2) a |
| 10 |    | direct connection between that alleged use and the commercial |
| 11 |    | purpose of creating the Series, *Downing v. Abercrombie & Fitch*, 265 |
| 12 |    | F.3d 994, 1001 (9th Cir. 2001); *Polydoros v. Twentieth Century Fox* |
| 13 |    | *Film Corp.*, 67 Cal. App. 4th 318, 325 (1997); *Vijay v. Twentieth* |
| 14 |    | *Century Fox Film Corp.*, 2014 WL 5460585, at *4 (C.D. Cal. Oct. 27, |
| 15 |    | 2014). |
| 16 | 6. | Netflix's Motion to Dismiss Harvey's sixth cause of action for right of |
| 17 |    | publicity (California Civil Code § 3344) is **GRANTED** without leave |
| 18 |    | to amend on grounds that it is duplicative of Harvey's defamation |
| 19 |    | claim, *Silva v. Hearst Corp.*, 1997 WL 33798080, at *3 (C.D. Cal. |
| 20 |    | Aug. 22, 1997); the First Amendment prevents Harvey from |
| 21 |    | maintaining a right of publicity cause of action premised on an |
| 22 |    | expressive work, *see Daly v. Viacom, Inc.*, 238 F. Supp. 2d 1118, |
| 23 |    | 1123 (N.D. Cal. 2002); *Twentieth Century Fox Television a division* |
| 24 |    | *of Twentieth Century Fox Film Corp. v. Empire Distribution, Inc.*, 875 |
| 25 |    | F.3d 1192, 1196 (9th Cir. 2017) (a "television show itself is clearly an |
| 26 |    | expressive work"), abrogated on other grounds by *Punchbowl, Inc. v.* |
| 27 |    | *AJ Press, LLC*, 90 F.4th 1022, 1028 (9th Cir. 2024); and Harvey does |
| 28 |    | not adequately allege (1) knowing use by Netflix of her likeness, or |

(2) a direct connection between that alleged use and the commercial purpose of creating the Series, *Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1001 (9th Cir. 2001); *Polydoros v. Twentieth Century Fox Film Corp.*, 67 Cal. App. 4th 318, 325 (1997); *Vijay v. Twentieth Century Fox Film Corp.*, 2014 WL 5460585, at *4 (C.D. Cal. Oct. 27, 2014).

7. Netflix's Motion to Dismiss Harvey's claim for punitive damages with respect to her first, second, fourth, fifth and sixth causes of action is **GRANTED** without leave to amend on grounds that Harvey fails to allege oppression, fraud, or malice with the requisite specificity. *ROF, LLC v. Travelers Prop. Cas. Co. of Am.*, 2021 WL 3578672, at *3 (C.D. Cal. Apr. 21, 2021); *Rivin v. Patrick K. Willis Co., Inc.*, 2020 WL 8365251, at *3 (C.D. Cal. Dec. 4, 2020); *Keller v. Ling*, 2023 WL 9511158, at *2 (C.D. Cal. Aug. 23, 2023).

**IT IS SO ORDERED.**

Dated: _____, 2024

_____
Hon. R. Gary Klausner
United States District Judge