Richard A. Roth * *Pro Hac Vice*
Email: Richard@rrothlaw.com
Brian S. Levenson * *Pro Hac Vice*
Email: Brian@rrothlaw.com
THE ROTH LAW FIRM, PLLC
295 Madison Avenue, 22nd Floor
New York, NY 10017
Phone: 212-784-6699

Allen Hyman (California State Bar No. 73371)
LAW OFFICES OF ALLEN HYMAN
10737 Riverside Drive
North Hollywood, CA 91602
Phone: (818) 763-6289
Fax: (818) 763-4676
E-mail: lawoffah@aol.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIONA HARVEY,<br><br>                Plaintiff,<br><br>v.<br><br>NETFLIX, INC. and NETFLIX WORLDWIDE ENTERTAINMENT, LLC,<br><br>                Defendants. | Case No. 2:24-cv-04744-RGK-AJR<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO STRIKE** |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICAL NOTICE**

## I.  APPLICABLE LAW

Plaintiff opposes Defendant's Request for Judicial Notice in Support of Defendant's Motion to Strike ("Request" or "RJN") (ECF No. 26-6) with respect to Exhibits B-T[1] on the grounds that the documents they seek to judicially notice do not remotely satisfy the strict prerequisites contained in Rule 201 of the Federal Rules of Evidence. The documents offered for judicial notice are all newspaper or internet articles, many of which were generated by Defendants' own promotion of the *Baby Reindeer* series. The information is not generally known and it is not capable of accurate determination by sources whose accuracy cannot be reasonably questioned. Nor is the information contained therein, "immediately ascertainable by resort to sources of reasonably indisputable accuracy," as required under California law. *See* Evid. Code § 452(h); *Lockley v. Law Office of Cantrell, Green, Pekich, Ruz & McCort*, 91 Cal. App. 4th 875, 882 (2001); Jefferson, Cal. Evidence Benchbook, Judicial Notice §49.5 (4th ed. 2009). Defendants' Request should be denied because: (1) the facts underlying the exhibits are not suitable for judicial notice; (2) they are not reasonably beyond dispute; and (3) even if judicially noticeable or otherwise provable, these facts are irrelevant.

Federal Rule of Evidence 201, which governs judicial notice, provides that "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Where factual findings or

---

[1] Plaintiff has no objection to Exhibit A to the RJN which is a video interview of plaintiff.

2

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO STRIKE**
Case No. 2:24-cv-04744-RGK-AJR

the contents of the documents are in dispute, those matters of dispute are not appropriate for judicial notice. *See Darensburg v. Metropolitan Transp. Comm'n,* 2006 WL 167657, *2 (N.D. Cal., Jan. 20, 2006) (citing *Del Puerto Water Dist v. U.S. Bureau of Reclamation* 271 F. Supp. 2d 1224, 1234 (E.D. Cal., 2003).

Public records, including judgments and other filed documents, are proper subjects of judicial notice. *See, e.g., United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) ("[Courts] may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."); *Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000)(taking judicial notice of a filed complaint as a public record). However, to the extent any facts in documents subject to judicial notice are subject to reasonable dispute, the Court will not take judicial notice of those facts. *See Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001) ("A court may take judicial notice of matters of public record.... But a court may not take judicial notice of a fact that is subject to reasonable dispute." (internal quotation marks and citation omitted).

## II.   LEGAL ARGUMENT

Defendants' request judicial notice of five groups of newspaper articles that Netflix claims demonstrate: (1) "public interest in Gadd's story prior to the premiere of the Series" (Exhs. B-H); (2) "public interest regarding the nominations and critical acclaim the Series has received" (Exhs. I-L); (3) plaintiff "was publicly accused of stalking and harassing Laura Wray, Jimmy Wray, Donald Dewar, and Keir Starmer" (Exhs. M-O); (4) "members of the public speculated that individuals (other than Harvey) were the inspiration for the Martha character in the Series… and "the existence of public statements by Gadd requesting that viewers stop speculating about the "real-life" inspiration for the characters in the Series" (Exhs. P-S); and (5) "the existence of public controversy regarding Harvey's attempted run for a Scottish

3

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST
FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO STRIKE
Case No. 2:24-cv-04744-RGK-AJR**

1  Parliament seat and that Harvey's involvement in politics existed in the public
2  realm" (Exhs M and T). For Exhibits M-T, Defendants offer "any statements by
3  Harvey referenced in the articles… for the truth of the matters asserted as party-
4  opponent statements." The court must consider each exhibit to the declaration "in
5  turn to determine whether it is a proper subject of judicial notice…" *Gerritsen v*
6  *Warner Bros. Entertainment Inc.*, 112 F.Supp.3d 1011, 1022 (C.D. Cal. 2015).
7       Defendants' Request misconstrues the nature and purpose of "judicial notice"
8  under Federal Rule of Evidence 201. "The Rule was intended to obviate the need for
9  formal fact-finding as to certain facts that are undisputed and easily verified."
10 *Walker v. Woodford*, 454 F. Supp. 2d 1007, 1022 (S.D. Cal. 2006) (emphasis added).
11 The Ninth Circuit "tends to be strict with its application of Rule 201(b)." *Von Grabe*
12 *v. Sprint PCS*, 312 F. Supp. 2d 1285, 1311. The rule is characterized by "[a] high
13 degree of indisputability [as] the essential prerequisite to taking judicial notice of
14 adjudicative facts." Advisory Committee Notes to Fed. R. Evid. 201 (a) & (b).
15 "Because the effect of judicial notice is to deprive a party of an opportunity to use
16 rebuttal evidence, cross-examination, and argument to attack contrary evidence,
17 caution must be used in determining that a fact is beyond controversy under Rule
18 201(b))." *Rivera v. Philip Morris, Inc.*, 395 F. 3d 1142, 1151 (9th Cir. 2005). "As
19 Rule 201(b) teaches, judges may not defenestrate established evidentiary processes,
20 thereby rendering inoperative the standard mechanisms of proof and scrutiny
21 [through judicial notice], if the evidence is at all vulnerable to reasonable dispute."
22 *Lussier v. Runyon*, 50 F. 3d 1103, 1115 (1st Cir. 1995).
23       The proffered exhibits fall far beyond the bounds of what is appropriate for
24 judicial notice, and notably, for each of the exhibits presented, Defendants fail to
25 allege which specific facts contained therein are actually beyond dispute and subject
26 to judicial notice. As the information is either not beyond reasonable dispute,

4

PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST
FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO STRIKE
Case No. 2:24-cv-04744-RGK-AJR

actually disputed, or irrelevant, it cannot serve as a piece of uncontested evidence to be considered at this stage of litigation, which is what Defendants seek to do with this Request.

Courts in this Circuit have routinely rejected requests to take judicial notice of news articles. *Ali v Intel Corp.*, 2018 WL 5734673, at *3 (N.D. Cal. 2018)("Courts do not take judicial notice of newspaper articles for the truth of the contents of the articles."); *Mat-Van, Inc. v Sheldon Good & Co. Auctions, LLC*, 07-CV-912-IEG BLM, 2008 WL 346421, at *8 (S.D. Cal. 2008)("judicial notice of the articles is not proper under Rule 201"); *Lennard v. Yeung*, 2011 WL 13217784, at *6 n. 43 (C.D. Cal. June 7, 2011) ("Because defendants ask the court to take judicial notice of the truth of the contents of the articles, their request for judicial notice must be denied."); *Harrison v. Milligan*, 2012 WL 1835428, at *1 (denying judicial notice of newspaper articles because plaintiff failed to address whether the newspaper articles is a source whose accuracy cannot reasonably be questioned).

Further, courts do not take judicial notice of newspaper articles for the truth of the contents of the articles. *See, e.g., Lennard v. Yeung*, 2011 WL 13217784, at *6 n.43 (C.D. Cal. June 7, 2011) ("Because defendants ask the court to take judicial notice of the truth of the contents of the articles, their request for judicial notice must be denied."); *Harrison v. Milligan*, 2012 WL 1835428, at *1 (denying judicial notice of newspaper articles because plaintiff failed to address whether the newspaper articles is a source whose accuracy cannot reasonably be questioned).

Moreover, Defendants make no showing that the newspaper articles are sources whose accuracy cannot reasonably be questioned. Therefore, the Court should not take judicial notice of these newspaper articles.

5

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO STRIKE**
Case No. 2:24-cv-04744-RGK-AJR

### III. PLAINTIFF'S OBJECTIONS TO DEFENDANT'S RJN EXHIBITS B-H

Netflix asks the Court to take judicial notice of seven articles (Exhs. B-H) to show "the existence of public interest in Gadd's story prior to the premiere of the Series." RJN, p. 6. These include articles about Netflix's plans to create a TV series based on the play (Exh. G) and a review of the Official Trailer for the Series published on March 29, 2024 (Exh. H), before the release of the Series. In doing so, Netflix takes the absurd position that the court should take judicial notice of public interest in Gadd's story based on internet articles generated by its own promotional press and trailers, which, by their very nature are intended to generate public interest in the premiere of the series. The Court should refuse to take notice of Defendants' RJN Exhibits B-H.

### IV. PLAINTIFF'S OBJECTIONS TO DEFENDANTS' RJN EXHIBITS I-L

The Court should likewise refuse to take notice of Defendants' RJN Exhibits I-L which comprise articles about award nominations and reviews for the Baby Reindeer series. Here again, Netflix seeks for the Court to take judicial notice of promotional news coverage and awards it had no small hand in generating. The Vanity Fair Article (Exh. L) regarding the Baby Reindeer series winning the "Gotham Award" for "breakthrough limited series" is a particularly egregious example of this.

The Gotham Awards are bestowed by The Gotham Film & Media Institute, a not-for-profit that "celebrates and nurtures independent film and media creators" and which has ties to Netflix. For example, Jennifer Tabak, a Netflix Vice President for "Talent Relations & Awards"[2] is on The Gotham's board of directors[3] and The

---

[2] https://www.linkedin.com/in/lisa-taback-4b4a687/ (See Levenson Declaration in Opposition to Motion to Strike ("Levenson Decl."), Exh. 10).
[3] https://thegotham.org/about/board-of-directors/#null (Levenson Decl., Exh. 11)

Gotham and Netflix joined to present the *Venice Film Festival* in New York in 2023.[4] The Gotham does not disclose the identities of its donors in its 501(c)(3) tax filings but, according to its website, it counts Netflix as one of its "major supporters":



https://thegotham.org/about/partnership/ (Levenson Decl., Exh. 12)

To sum up, Netflix is a "major supporter" of The Gotham which gave an award to the *Baby Reindeer* series which was reported by Vanity Fair, itself a "premiere supporter" of The Gotham. (Exh. 12). Netflix now cites the "award" and the article about it as evidence that "cannot reasonably be questioned" that there was "public interest regarding the nominations and critical acclaim the Series has received." Whatever this Netflix promotional house of mirrors may be, it is not something for which judicial notice is appropriate. *Sanchez v Ryan P. Jacob, Williams Sausage Co. Inc.*, 24-CV-117-RAW-GLJ, 2024 WL 3391113, at *3 (E.D. Okla. 2024)(declining defendant's application for judicial notice of "nothing more than its own press release"); *Fabbri v Wilkinson*, CV191643FMOAGRX, 2019 WL 5781914, at *2 (C.D. Cal. 2019)(same).

**IV. PLAINTIFF'S OBJECTIONS TO DEFENDANTS' RJN EXHIBITS M-O**

Netflix asks the Court to take judicial notice of three articles (Exhs. M-O) are to show that "Harvey was publicly accused of stalking and harassing Laura Wray, Jimmy Wray, Donald Dewar, and Keir Starmer, and the existence of public interest in Harvey's stalking and harassment of these individuals." RJN, p. 6. For the reasons

---

[4] https://deadline.com/2023/03/netflix-paris-theater-venice-film-festival-gotham-institute-program-screenings-1235313417/ (Levenson Decl., Exh. 13)

7

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST
FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO STRIKE
Case No. 2:24-cv-04744-RGK-AJR**

1  discussed above, newspaper articles are not the proper subject of judicial notice and
2  these articles, in particular, are not worthy of judicial notice because the subject
3  matter is not relevant to the claims in this case since there is no mention of
4  restraining order that is the subject of these articles in the series or the complaint.

## V. PLAINTIFF'S OBJECTIONS TO DEFENDANTS' RJN EXHIBITS P-S

Netflix next asks the Court to take judicial notice of four articles (Exhs. P-S) it claims demonstrate that "members of the public speculated that individuals (other than Harvey) were the inspiration for the Martha character in the Series… and "the existence of public statements by Gadd requesting that viewers stop speculating about the "real-life" inspiration for the characters in the Series." RJN, p. 6.

Here again, Netflix seeks to alchemize press coverage generated by its series creator, writer, and star, into undeniable evidence worthy of judicial notice that Gadd attempted to undo the damage caused by Baby Reindeer by "requesting that viewers stop speculating about the "real-life" inspiration for the characters in the Series." RJN, p. 6.  The Court should decline the invitation and reject Netflix's self-serving press-campaign to ameliorate the harmful effects of the Baby Reindeer series.

## VI. OBJECTIONS TO DEFENDANTS' RJN EXHIBITS M and T

Netflix further argues that two of the foregoing articles (Exhs. M and T) demonstrate "the existence of public controversy regarding Harvey's attempted run for a Scottish Parliament seat and that Harvey's involvement in politics existed in the public realm." RJN, p. 6. Netflix argues that because plaintiff sought a nomination to be a member of parliament by the Labour Party, she is a public figure. This is not relevant. A candidate for office is not a general public figure after the election. *Rutt v. Bethlehems' Globe Pub. Co.*, 335 Pa.Super 163, 181 (Pa. 1984) (within three months after defeat in a primary election, plaintiff was not an all-purpose public figure); *MacDonald v. Brodkorb*, 939 N.W.2d 468, 479-480 (Ct. of Appeals of Minn.

8

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST
FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO STRIKE
Case No. 2:24-cv-04744-RGK-AJR**

2020) (candidate for office is a limited public figure only during the time he is running for office); *Naantaanbuu v Abernathy*, 816 F Supp 218 (S.D.N.Y. 1993).

**VII. CONCLUSON**

For the reasons discussed above, except for Exhibit A, the Court should deny Defendants' Request for Judicial Notice.

DATED: August 26, 2024

Respectfully submitted,

By: */s/ Brian Levenson*

Brian S. Levenson * *Pro Hac Vice*
THE ROTH LAW FIRM, PLLC
295 Madison Avenue, 22nd Floor
New York, NY 10017
Phone: 212-784-6699
Email: brian@rrothlaw.com

Allen Hyman (California State Bar No. 73371)
LAW OFFICES OF ALLEN HYMAN
10737 Riverside Drive
North Hollywood, CA 91602
Phone: (818) 763-6289
E-mail: lawoffah@aol.com

*Attorneys for Plaintiff*