THE LAW OFFICES OF ALLEN HYMAN
Allen Hyman (California SBN 73371)
10737 ½ Riverside Drive
N. Hollywood, CA 91602
lawoffah@aol.com
P: (818) 763-6289

THE ROTH LAW FIRM, PLLC
Richard A. Roth * *Pro Hac Vice*
Email: Richard@rrothlaw.com
Brian S. Levenson * *Pro Hac Vice*
Email: Brian@rrothlaw.com
295 Madison Avenue, 22nd Floor
New York, NY 10017
Phone: 212-784-6699

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIONA HARVEY,<br><br>          Plaintiff,<br><br>     v.<br><br>NETFLIX, INC. and NETFLIX WORLDWIDE ENTERTAINMENT, LLC,<br><br>          Defendants. | Case No. 2:24-cv-04744-RGK-AJR<br><br>[ PROPOSED ] ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE DECLARATIONS OF LAURA WRAY, RICHARD GADD, AND LOUISE MICHELLE OAKLEY |

1

[ PROPOSED ] ORDER GRANTING PLAINTIFF'S MOTION
TO STRIKE DECLARATIONS OF LAURA WRAY, RICHARD GADD,
AND LOUISE MICHELLE OAKLEY
Case No. 2:24-cv-04744-RGK-AJR

**[PROPOSED] ORDER**

This matter is before the Court on Plaintiff Fiona Harvey's Motion to Strike the Declaration of Laura Wray ("Wray") and all exhibits thereto (ECF 26-27 to 26-43), paragraphs 24-65 of the Declaration of Richard Gadd ("Gadd") and Exhibits 1-60 thereto (ECF 23-1 to 23-60; ECF 27 to 27-60; ECF 35 to 35-58) ***except* the last sentence of Paragraph 41 and Exhibit 44**, and the Declaration of Louise Michelle Oakley ("Oakley) (ECF 26-3) filed by defendants Netflix, Inc., and Netflix Worldwide Entertainment, LLC (collectively, "Netflix") in support of Netflix's Special Motion to Strike pursuant to California Code of Civil Procedure § 426.16 (the "anti-SLAPP statute") (ECF 26).

The Court finds that Wray's Declaration, and all exhibits thereto, solely concern Wray's experience with Harvey twenty years ago which does not form any part of Plaintiff's Complaint against Netflix. Wray's Declaration is immaterial, impertinent and scandalous as Wray does not dispute any of Netflix's statements about Harvey are false.

The Court also finds that paragraphs 24-65 of Gadd's Declaration, and exhibits 1-60 ((***except* the last sentence of Paragraph 41 and Exhibit 44)**, thereto are immaterial, impertinent and scandalous as these paragraphs and exhibits do not relate to any claim asserted in Plaintiff's Complaint against Netflix and instead exclusively relate to sexually explicit emails Gadd claims Harvey sent him, but that form no part of Harvey's Complaint against Netflix. Netflix concedes, Gadd's exhibits "are awash with violent hate speech and sexually explicit, deeply disturbing vitriol that is *nowhere depicted in the Series.*" Netflix Br. at 14.

Finally, the Court finds that Oakley's Declaration is impertinent and scandalous as Oakley's expert opinion that there was sufficient evidence to hypothetically convict Harvey of a crime does not dispute that Harvey was never

2

**[ PROPOSED ] ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE DECLARATIONS OF LAURA WRAY, RICHARD GADD, AND LOUISE MICHELLE OAKLEY**
**Case No. 2:24-cv-04744-RGK-AJR**

1  convicted of a crime as alleged in the Complaint. In addition, Netflix failed to
2  provide notice of an expert witness on foreign law issues pursuant to Fed. R. Civ. P.
3  44.1 and impermissibly attempts to apply foreign law to the facts of this case.
4  *Minebea Co v. Pabst*, 444 F. Supp. 2d 68, 182 (D.D.C. 2006).
5        Plaintiff's Motion to Strike is hereby GRANTED. Accordingly, the
6  Declaration of Laura Wray and all exhibits thereto (ECF 26-27 to 26-43), paragraphs
7  24-65 of Richard Gadd's Declaration and exhibits 1-60 thereto (***except* the last**
8  **sentence of Paragraph 41 and Exhibit 44)** (ECF 23-1 to 23-60; ECF 27 to 27-60;
9  ECF 35-58) and the Declaration of Louise Michelle Oakley (ECF 26-3) are hereby
10 stuck from the docket.
11       **IT IS SO ORDERED**

Dated: _____, 2024

                                                            _____
Hon. R. Gary Klausner
United States District Judge

3

**[ PROPOSED ] ORDER GRANTING PLAINTIFF'S MOTION
TO STRIKE DECLARATIONS OF LAURA WRAY, RICHARD GADD,
AND LOUISE MICHELLE OAKLEY
Case No. 2:24-cv-04744-RGK-AJR**