Richard A. Roth * *Pro Hac Vice*
Email: Richard@rrothlaw.com
Brian S. Levenson * *Pro Hac Vice*
Email: Brian@rrothlaw.com
THE ROTH LAW FIRM, PLLC
295 Madison Avenue, 22nd Floor
New York, NY 10017
Phone: 212-784-6699

Allen Hyman (California State Bar No. 73371)
LAW OFFICES OF ALLEN HYMAN
10737 Riverside Drive
North Hollywood, CA 91602
Phone: (818) 763-6289
Fax: (818) 763-4676
E-mail: lawoffah@aol.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIONA HARVEY,<br><br>        Plaintiff,<br><br>   v.<br><br>NETFLIX, INC. and NETFLIX WORLDWIDE ENTERTAINMENT, LLC,<br><br>        Defendants. | Case No. 2:24-cv-04744-RGK-AJR<br><br>**PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** |

1

Pursuant to Rule 201 of the Federal Rules of Evidence, Plaintiff Fiona Harvey requests that the Court take judicial notice of the following documents submitted as Exhibits to the Declaration of Brian Levenson in Opposition to Defendants' Motion to Dismiss:

**Levenson Decl. Exh. 1:** A true and correct copy of the transcript of the May 8, 2024 hearing (the "Hearing") of the Culture, Media and Sport Committee (the "Committee") in the House of Commons, available on UK Parliament's website at (transcript available at https://committees.parliament.uk/committee/378/digital-culture-media-and-sport-committee/publications/oral-evidence/) (last visited August 6, 2024)

**Levenson Decl. Exh. 2:** A true and correct copy of promotional material for Baby Reindeer on Netflix's website https://www.netflix.com/tudum/articles/baby-reindeer-cast-release-date-plot (last visited August 6, 2024).

**Levenson Decl. Exh. 3:** A true and correct copy of a letter dated May 23, 2024 from Netflix to the Committee clarifying its statement at the Hearing that "the person on whom the show is based" was the subject of a court order and not a criminal conviction, available at https://api.parliament.uk/committees/publications/45022 (last visited August 6, 2024).

**Levenson Decl. Exh. 4:** A true and correct copy of a UK Parliament webpage explaining the process of becoming a Member of Parliament available at https://www.parliament.uk/about/mps-and-lords/members/electing-mps/ (last visited August 6, 2024).**Levenson Decl. Exh. 7:** A screenshot of a video that Netflix posted to its social media accounts on Twitter and Facebook proclaiming, "Martha's emails from Baby Reindeer. Everyone of them is real." Netflix's post received 460,000 views on Twitter, 2.9 million plays on Facebook, available at

2

**PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
Case No. 2:24-cv-04744-RGK-AJR**

https://www.facebook.com/netflixus/videos/marthas-emails-from-baby-reindeer-every-one-of-them-real/1071706193898341/ and

https://x.com/netflix/status/1779162630520729877?lang=en.

**Levenson Decl. Exh. 8:**  A true and correct copy of a September 23, 2014 tweet posted by *@FionaHarvey2014* to the Twitter account *@MrRichardGadd* and publicly available at:

https://x.com/FionaHarvey2014/status/514416588645494785?lang=en (last visited August 20, 2024).

**Levenson Decl. Exh. 9:**  A copy of relevant excerpts from Netflix's 2024 10-K filing with the Securities Exchange Commission available at https://www.sec.gov/ix?doc=/Archives/edgar/data/1065280/000106528024000030/nflx-20231231.htm (last visited August 21, 2024). This SEC filing is also referenced in the Complaint (Complt., ¶¶ 5-6, 11, 50).

# LEGAL ARGUMENT

## I.   LEGAL STANDARD

Judicial notice under Federal Rule of Evidence 201 permits a court to notice an adjudicative fact if it is "not subject to reasonable dispute." Fed. R. Evid. 201(b). A fact is "not subject to reasonable dispute" if it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2). Facts subject to judicial notice may be considered on a motion to dismiss. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1388 (9th Cir. 1987).

Public records, including judgments and other filed documents, are proper subjects of judicial notice. *See, e.g., United States v. Black*, 482 F.3d 1035, 1041 (9th

3

**PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
Case No. 2:24-cv-04744-RGK-AJR**

Cir. 2007) ("[Courts] may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."); *Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000)(taking judicial notice of a filed complaint as a public record).

## II.   JUDICIAL NOTICE OF GOVERNMENT RECORDS

Exhibits 1-4 and 7-9 to the Levenson Declaration are all proper subjects of judicial notice because they are comprised of official government proceedings concerning Netflix's testimony (Exhs. 1) and written submission (Exh. 3) to the Parliament of the United Kingdom or one of Parliament's official web pages (Exh. 4) and a Netflix SEC filing from 2024 (Exh. 9). The Court may properly take judicial notice of government records and websites. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1001 (9th Cir. 2018)("[c]ourts may take judicial notice of some public records, including the records and reports of administrative bodies"); *Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*, 127 F. Supp. 3d 156, 166 (S.D.N.Y. 2015) (it is "clearly proper for [the Court] to take judicial notice" of "documents retrieved from official government websites" and "Courts routinely take judicial notice of such governmental records."); *Island Software & Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 261 (2d Cir. 2005) (proper to take judicial notice of copyright registration information retrieved from the Copyright Office's website); *Forgione v. Gaglio*, 2015 WL 718270, at *17 (S.D.N.Y. 2015) (FINRA filings); *Chevron Corp. v. Salazar*, 807 F.Supp.2d 189, 193 n. 5 (S.D.N.Y. 2011) (merger agreement filed with Delaware Secretary of State); *Am. Cas. Co. of Reading, PA. v. Lee Brands, Inc.*, No. 05 Civ. 6701(SCR), 2010 WL 743839, at *4 (S.D.N.Y. 2010) (corporate certificate of dissolution filed with California Secretary of State).

Judicial notice is also appropriate for foreign government documents. *GeoVector Corp. v Samsung Elecs. Co. Ltd.*, 234 F Supp 3d 1009, 1016 (N.D. Cal.

4

**PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**
Case No. 2:24-cv-04744-RGK-AJR

1  2017)("Korean Patent is also the proper subject of judicial notice as it is part of a
2  publicly available government record."); *Lamont v. Time Warner, Inc.*, No. 12-cv-
3  8030, 2012 WL 5248061, at *2 n.2 (C.D. Cal. 2012) (granting request for judicial
4  notice of documents related to foreign patent application because "they are all
5  publicly available court and government records").

6        The Fiona Harvey Tweet (Exhibit 8), Netflix promotional material (Exhibit 2)
7  and Netflix SEC filing (Exh. 9) may also be given judicial notice for the additional
8  reason that they are referenced in the Complaint. (Complt., ¶¶ 11, 50). The Court
9  may also take judicial notice of documents whose "authenticity ... is not contested"
10 and which are referenced in the complaint. *Lee v. City of Los Angeles*, 250 F.3d 668,
11 688 (9th Cir. 2001); *In re Calpine Corp. Sec. Litig.*, 288 F.Supp.2d 1054, 1075 (N.D.
12 Cal. 2003).

13 **III.   JUDICIAL NOTICE OF NETFLIX SOCIAL MEDIA POSTS**

14       Exhibit 7 to the Levenson Declaration may also be judicially noticed because
15 it comprises a screenshot of a Netflix promotional video released on its X (Twitter)
16 and Facebook accounts. Exhibit 2 may be judicially noticed because it is promotional
17 material from Netflix's own website. A court may take judicial notice of information
18 publicly announced on a party's website provided the website's authenticity is not in
19 dispute and "it is capable of accurate and ready determination." *Doron Precision*
20 *Sys., Inc. v FAAC, Inc.*, 423 F Supp 2d 173, 179 (S.D.N.Y. 2006); *Barnes v. Marriott*
21 *Hotel Servs.*, No. 15-cv-01409-HRL, 2017 U.S. Dist. LEXIS 22588, 2017 WL
22 635474, at *4 (N.D. Cal. Feb. 16, 2017)(taking judicial notice of a party's website
23 because the party did not dispute the information on it); *Turner v. Samsung*
24 *Telecoms. Am., LLC*, No. CV 13-00629-MWF (VBKx), 2013 WL 12126749, at *2
25 (C.D. Cal. 2013) (taking judicial notice of a party's website in part because the party
26 did not dispute its authenticity); *GA Telesis, LLC v. GKN Aerospace, Chem-Tronics,*

27
28

*Inc.*, No. 12-CV-1331-IEG (BGS), 2012 WL 5388888, at *7 n.2 (S.D. Cal. 2012) (taking judicial notice of a document from a party website when the company party did "not specifically dispute its accuracy").

      This principle has been extended to a party's social media pages, including Twitter and Facebook. *Al-Ahmed v Twitter, Inc.*, 603 F.Supp.3d 857 (N.D. Cal. 2022)(taking notice of a party's Twitter account page and posts); *Yuksel v Twitter, Inc.*, 22-CV-05415-TSH, 2022 WL 16748612, at *2 (N.D. Cal. 2022)(taking judicial notice of a party's Twitter profile); *Young v Greystar Real Estate Partners, LLC*, 318CV02149BENMSB, 2019 WL 4169889, at *2 (S.D. Cal. 2019)(taking judicial notice of a party's Facebook and Instagram posts); *Lindora, LLC v. Limitless Longevity LLC*, 2016 WL 6804443, at *3 (S.D. Cal. Sept. 29, 2016) (taking judicial notice of party's "social media accounts" as "publicly accessible webpages"). The Court should therefore take judicial notice of the promotional video (Exh. 7) posted by Netflix on its Twitter and Facebook accounts.

## III.  JUDICIAL NOTICE OF A TWEET

      Finally, the Court should also take judicial notice of Exhibit 8 to the Levenson Declaration which is a 2014 tweet from the Twitter account *@FionaHarvey2014*. Courts in this district and elsewhere in the Ninth Circuit have found that tweets are appropriate subjects of judicial notice where—as here—they are publicly available and their accuracy may not reasonably be questioned. *Unsworth v. Musk*, No. 19-MC-80224-JSC, 2019 WL 5550060, at *4 (N.D. Cal. 2019) ("[J]udicial notice is proper because the existence of the publicly-available . . . tweets cannot reasonably be questioned."); *Alexander v. Metro-Goldwyn-Mayer Studios Inc.*, No. CV 17-3123-RSWL-KSx, 2017 WL 5633407, at *3 (C.D. Case 3:20-cv-03426-JD Cal. Aug. 14, 2017) (taking judicial notice of "screenshots of Dwayne Johnson and [Sylvester] Stallone's Twitter accounts" because "they can be accurately and readily determined

6

**PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
Case No. 2:24-cv-04744-RGK-AJR**

from sources whose accuracy cannot reasonably be questioned"); *Rock the Vote v. Trump*, No. 20-cv-06021-WHO, 2020 WL 6342927, at *3 n.1 (N.D. Cal. 2020) (taking judicial notice of "the existence of the tweets and other public statements cited in [plaintiff's declaration] as information available on publicly available websites"); *2Die4Kourt v. Hillair Cap. Mgmt., LLC*, No. SACV 16-01304 JVS(DFMx), 2016 WL 4487895, at *1 n.1 (C.D. Cal. 2016) (taking judicial notice of social media posts "solely for their existence and content, and not for the truth of any statements in the documents"), *aff'd*, 692 F. App'x 366 (9th Cir. 2017).

This tweet (Exh. 8) is also referenced in the Complaint (Complt., ¶ 35) and may be judicially noticed for this reason as well. *Moreland v U.S. Bank, N.A.*, 1:14-CV-01836 JAM, 2015 WL 1932644, at *2 (E.D. Cal. 2015); *Lee, supra; In re Calpine Corp. Sec. Litig., supra.*

**IV. CONCLUSON**

For the reasons discussed above, the Court should take judicial notice of Exhibits 1-4 and 7-9 to the Declaration of Brian Levenson in Opposition to Defendants' Motion to Dismiss.

DATED: August 26, 2024

Respectfully submitted,

By: /s/ *Brian Levenson*
Brian S. Levenson * *Pro Hac Vice*
Richard A. Roth * *Pro Hac Vice*
THE ROTH LAW FIRM, PLLC
295 Madison Avenue, 22nd Floor
New York, NY 10017
Phone: 212-784-6699
Email: brian@rrothlaw.com

Allen Hyman (California State Bar No. 73371)
LAW OFFICES OF ALLEN HYMAN
10737 Riverside Drive

North Hollywood, CA 91602
Phone: (818) 763-6289
E-mail: lawoffah@aol.com

*Attorneys for Plaintiff*

8

**PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
Case No. 2:24-cv-04744-RGK-AJR**