1  Richard A. Roth * *Pro Hac Vice*
   Email: Richard@rrothlaw.com
2  Brian S. Levenson * *Pro Hac Vice*
3  Email: Brian@rrothlaw.com
4  THE ROTH LAW FIRM, PLLC
   295 Madison Avenue, 22nd Floor
5  New York, NY 10017
6  Phone: 212-784-6699

7  Allen Hyman (California State Bar No. 73371)
8  LAW OFFICES OF ALLEN HYMAN
   10737 Riverside Drive
9  North Hollywood, CA 91602
10 Phone: (818) 763-6289
   Fax: (818) 763-4676
11 E-mail: lawoffah@aol.com

12 *Attorneys for Plaintiff*

13

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| FIONA HARVEY, | |
|---|---|
| Plaintiff, | Case No. 2:24-cv-04744-RGK-AJR |
| v. | **PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS** |
| NETFLIX, INC. and NETFLIX WORLDWIDE ENTERTAINMENT, LLC, | |
| Defendants. | |

1

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST
FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS
Case No. 2:24-cv-04744-RGK-AJR**

# PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICAL NOTICE

## I. APPLICABLE LAW

Plaintiff oppose Defendant's Request for Judicial Notice in Support of Defendant's Motion to Dismiss ("Request" or "RJN") (ECF No. 28-03) with respect to Exhibits B-G[1] on the grounds that the documents they seek to judicially notice do not remotely satisfy the strict prerequisites contained in Rule 201 of the Federal Rules of Evidence. The documents are all newspaper or internet articles, many of which were generated by Defendants' own promotion of the *Baby Reindeer* series. The information is not generally known and it is not capable of accurate determination by sources whose accuracy cannot be reasonably questioned. Nor is the information contained therein, "immediately ascertainable by resort to sources of reasonably indisputable accuracy," as required under California law. *See* Evid. Code § 452(h); *Lockley v. Law Office of Cantrell, Green, Pekich, Ruz & McCort*, 91 Cal. App. 4th 875, 882 (2001); Jefferson, Cal. Evidence Benchbook, Judicial Notice §49.5 (4th ed. 2009). Defendants' Request should be denied because: (1) the facts underlying the exhibits are not suitable for judicial notice; (2) they are not reasonably beyond dispute; and (3) even if judicially noticeable or otherwise provable, these facts are irrelevant.

Federal Rule of Evidence 201, which governs judicial notice, provides that "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Where factual findings or

---

[1] Plaintiff has no objection to Exhibit A to the RJN which is a video interview of plaintiff.

2

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS**
Case No. 2:24-cv-04744-RGK-AJR

the contents of the documents are in dispute, those matters of dispute are not appropriate for judicial notice. *See Darensburg v. Metropolitan Transp. Comm'n,* 2006 WL 167657, *2 (N.D. Cal., Jan. 20, 2006) (citing *Del Puerto Water Dist v. U.S. Bureau of Reclamation* 271 F. Supp. 2d 1224, 1234 (E.D. Cal., 2003).

     Public records, including judgments and other filed documents, are proper subjects of judicial notice. *See, e.g., United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) ("[Courts] may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."); *Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000)(taking judicial notice of a filed complaint as a public record). However, to the extent any facts in documents subject to judicial notice are subject to reasonable dispute, the Court will not take judicial notice of those facts. *See Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001) ("A court may take judicial notice of matters of public record.... But a court may not take judicial notice of a fact that is subject to reasonable dispute." (internal quotation marks and citation omitted).

## II. LEGAL ARGUMENT

     Defendant's request judicial notice of newspaper articles that Netflix claims demonstrate: (1) plaintiff "was publicly accused of stalking and harassing Laura Wray, Jimmy Wray, Donald Dewar, and Keir Starmer" (Exhs. B-D); (2) "members of the public speculated that individuals (other than Harvey) were the inspiration for the Martha character in the Series." (Exhs. E and F); and (3) "the existence of public controversy regarding Harvey's attempted run for a Parliament seat and that Harvey's involvement in politics existed in the public realm" (Exhs B and G). The court must consider each exhibit to the declaration "in turn to determine whether it is a proper subject of judicial notice…" *Gerritsen v Warner Bros. Entertainment Inc.*, 112 F.Supp.3d 1011, 1022 (C.D. Cal. 2015).

3

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST
FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS
Case No. 2:24-cv-04744-RGK-AJR**

Defendants' Request misconstrues the nature and purpose of "judicial notice" under Federal Rule of Evidence 201. "The Rule was intended to obviate the need for formal fact-finding as to certain facts that are undisputed and easily verified." *Walker v. Woodford*, 454 F. Supp. 2d 1007, 1022 (S.D. Cal. 2006) (emphasis added). The Ninth Circuit "tends to be strict with its application of Rule 201(b)." *Von Grabe v. Sprint PCS*, 312 F. Supp. 2d 1285, 1311. The rule is characterized by "[a] high degree of indisputability [as] the essential prerequisite to taking judicial notice of adjudicative facts." Advisory Committee Notes to Fed. R. Evid. 201 (a) & (b). "Because the effect of judicial notice is to deprive a party of an opportunity to use rebuttal evidence, cross-examination, and argument to attack contrary evidence, caution must be used in determining that a fact is beyond controversy under Rule 201(b))." *Rivera v. Philip Morris, Inc.*, 395 F. 3d 1142, 1151 (9th Cir. 2005). "As Rule 201(b) teaches, judges may not defenestrate established evidentiary processes, thereby rendering inoperative the standard mechanisms of proof and scrutiny [through judicial notice], if the evidence is at all vulnerable to reasonable dispute." *Lussier v. Runyon*, 50 F. 3d 1103, 1115 (1st Cir. 1995).

The proffered exhibits fall far beyond the bounds of what is appropriate for judicial notice, and notably, for each of the exhibits presented, Defendants fail to allege which specific facts contained therein are actually beyond dispute and subject to judicial notice. As the information is either not beyond reasonable dispute, actually disputed, or irrelevant, it cannot serve as a piece of uncontested evidence to be considered at this stage of litigation, which is what Defendants seek to do with this Request.

The proffered exhibits are all news articles but courts in this Circuit have routinely rejected requests to take judicial notice of news articles. *Ali v Intel Corp.*, 2018 WL 5734673, at *3 (N.D. Cal. 2018)("Courts do not take judicial notice of

4

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST
FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS
Case No. 2:24-cv-04744-RGK-AJR**

1  newspaper articles for the truth of the contents of the articles."); *Mat-Van, Inc. v*
2  *Sheldon Good & Co. Auctions, LLC*, 07-CV-912-IEG BLM, 2008 WL 346421, at *8
3  (S.D. Cal. 2008)("judicial notice of the articles is not proper under Rule 201");
4  *Lennard v. Yeung*, 2011 WL 13217784, at *6 n. 43 (C.D. Cal. June 7, 2011)
5  ("Because defendants ask the court to take judicial notice of the truth of the contents
6  of the articles, their request for judicial notice must be denied."); *Harrison v.*
7  *Milligan*, 2012 WL 1835428, at *1 (denying judicial notice of newspaper articles
8  because plaintiff failed to address whether the newspaper articles is a source whose
9  accuracy cannot reasonably be questioned).

10       Further, courts do not take judicial notice of newspaper articles for the truth of
11  the contents of the articles. *See, e.g., Lennard v. Yeung*, 2011 WL 13217784, at *6
12  n.43 (C.D. Cal. June 7, 2011) ("Because defendants ask the court to take judicial
13  notice of the truth of the contents of the articles, their request for judicial notice must
14  be denied."); *Harrison v. Milligan*, 2012 WL 1835428, at *1 (denying judicial notice
15  of newspaper articles because plaintiff failed to address whether the newspaper
16  articles is a source whose accuracy cannot reasonably be questioned).

17       Moreover, Defendants make no showing that the newspaper articles are
18  sources whose accuracy cannot reasonably be questioned. Therefore, the Court
19  should not take judicial notice of any of the newspaper articles (Exhs. B-G) proffered
20  by Defendants.

5

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST**
**FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS**
Case No. 2:24-cv-04744-RGK-AJR

# VII. CONCLUSON

For the reasons discussed above, except for Exhibit A, the Court should deny Defendants' Request for Judicial Notice.

DATED: August 26, 2024                    Respectfully submitted,


By: */s/ Brian Levenson*
Brian Levenson * *Pro Hac Vice*
Richard A. Roth * *Pro Hac Vice*
THE ROTH LAW FIRM, PLLC
295 Madison Avenue, 22nd Floor
New York, NY 10017
Phone: 212-784-6699
Email: brian@rrothlaw.com

Allen Hyman (California State Bar No. 73371)
LAW OFFICES OF ALLEN HYMAN
10737 Riverside Drive
North Hollywood, CA 91602
Phone: (818) 763-6289
E-mail: lawoffah@aol.com

*Attorneys for Plaintiff*

6

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST
FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS
Case No. 2:24-cv-04744-RGK-AJR**