LATHAM & WATKINS LLP
  Marvin S. Putnam (Bar No. 212839)
    *marvin.putnam@lw.com*
  Laura R. Washington (Bar No. 266775)
    *laura.washington@lw.com*
10250 Constellation Blvd., Suite 1100
Los Angeles, California 90067
Telephone: +1.424.653.5500
Facsimile: +1.424.653.5501

*Attorneys for Defendants*
Netflix, Inc., and
Netflix Worldwide Entertainment, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIONA HARVEY, | Case No. 2:24-cv-04744-RGK-AJR |
| Plaintiff, | **RULE 26(F) REPORT** |
| v. | |
| NETFLIX, INC., and NETFLIX WORLDWIDE ENTERTAINMENT, LLC, | |
| Defendants. | |

## I.  STATEMENT OF THE CASE

### A.  Plaintiff's Statement.

According to Netflix, its television series *Baby Reindeer* (the "Series") "is a true story" of a twice convicted stalker 'Martha' who stalked the writer and of the Series Richard Gadd (who also stars in it playing himself). Complt,. ¶ 23-24. Netflix promoted the Series as a true story and even told members of Parliament Committee that it was a true story. Complt., ¶¶ 71-77. When pressed by a Parliament Committee member for evidence of Netflix's "serious claim" that the "person upon whom the show is based" was convicted and imprisoned twice, Netflix was forced to admit that it made it up. Complt., ¶ 78; ECF 44-5. Netflix made it up because this was the draw for the Series and it worked. *Baby Reindeer* has been viewed over 56 million times, making it one of the most viewed television series in history. Complt., ¶ 21.

As a result of being depicted and defamed in *Baby Reindeer*, plaintiff Fiona Harvey was immediately identified by members of the public and received hate mail and death threats so intense that Harvey suffers from insomnia, panic attacks, and has a general fear of going outside. The scale and scope of Netflix representing to 56 million people that Harvey is a twice convicted stalker who was imprisoned for five years is unprecedented.

### B.  Netflix's Statement.

Baby Reindeer (the "Series") is a dramatic, fictionalized work based on the real life events of creator and lead actor Richard Gadd ("Gadd"). Defendant Netflix, Inc. distributes the Series, which tells the story of Donny Dunn, a comedian who struggles with his sexual identity and past sexual abuse, and who is stalked, harassed, and physically assaulted by a character named Martha Scott ("Martha"). Plaintiff Fiona Harvey ("Harvey") alleges that the Martha character is her, and brings defamation, intentional infliction of emotional distress, negligence and gross negligence, and violation of the common law and statutory rights of publicity claims against Netflix, Inc., and Netflix Worldwide Entertainment, LLC (collectively

"Netflix"). Netflix disputes Harvey's allegations and asserts that Harvey's claims are barred by California's anti-Strategic Lawsuits Against Public Participation ("anti-SLAPP") statute and are also insufficiently pled.

On July 29, 2024, Netflix filed a special motion to strike (Dkt. 26) pursuant to California's anti-SLAPP statute and a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. 28). Both motions remain pending before the Court.

## II. DISCOVERY PLAN

### A. Rule 26(a)(1) Disclosures

The parties have agreed to make their respective initial disclosures on or before September 23, 2024.

### B. Scope and Subjects of Discovery and Discovery Completion

Netflix respectfully requests that the Court resolve Netflix's Special Motion to Strike (Dkt. 26) and Motion to Dismiss (Dkt. 28) prior to the parties engaging in discovery in this matter because the Court's resolution of the motions may narrow the issues in dispute, which will impact the scope of discovery, or may obviate the need for discovery altogether if the Court grants either motion.

#### 1. Plaintiff's Position

Plaintiff intends to seek discovery from Netflix concerning its decision to state in Episode One of *Baby Reindeer*, and in promotional materials, "this is a true story," including when Netflix made this decision, why Netflix made this decision, who at Netflix made the decision and whether there was any dissent with respect to this decision. Plaintiff also intends to seek discovery concerning the 'Martha' character, including casting, notes, "real emails" used in the Series, and references to Harvey. In addition to depositions of Netflix employees, Plaintiff may take the deposition of the writer of the Series, Richard Gadd. Finally, Plaintiff's intends to seek discovery on Netflix's gross revenues from the Series, including its profits attributable to its

statement "this is a true story" and its unauthorized use of Harvey's identity and likeness in the Series.

Plaintiff objects to Netflix's intentions to take seek discovery on impertinent events in Harvey's life that are not reflected in *Baby Reindeer* and referenced in the Complaint. Netflix's desire to seek discovery on "Laura Wray, Donald Dewar, Keir Starmer and other individuals" is an expensive sideshow that has no bearing on whether Netflix defamed Harvey by making the statements about Harvey identified in the Complaint, violated her rights of publicity, was negligent or intentionally inflicted emotional distress.

### 2. **Netflix's Position**

Netflix intends to seek discovery on topics that include, but are not limited to, Harvey's harassment and stalking of Gadd, Laura Wray, Donald Dewar, Keir Starmer, and other individuals; Harvey's campaigning for public office; Harvey's public interviews and public statements; Harvey's interactions with law enforcement; Harvey's public image and reputation; the purported harm Harvey suffered; the commercial value, if any, associated with the use of Harvey's name or image; viewers' understanding of and reaction to the Series; the public's interest in the Series; Harvey's claims; and any and all issues related to any affirmative defenses Netflix may raise if required to answer the Complaint.

### C.  **Protocol for Electronically-Stored Information ("ESI")**

The parties believe that they should negotiate among themselves a method for conducting discovery of electronically stored information and submit a proposed ESI Protocol to the Court.

### D.  **Procedures for Resolving Disputes Regarding Claims of Privilege**

The parties also believe that they should negotiate among themselves a protective order to govern the confidentiality of information exchanged in discovery, which would also address any agreement the parties might reach under Federal Rule of Evidence 502. The parties will submit a proposed protective order to the Court.

E. **Changes in Discovery Limitations**

The parties do not currently believe that changes to any limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the Central District of California are necessary.

F. **Other Orders**

The parties do not currently anticipate the need for the Court to issue any other orders under Rule 26(c) or Rule 16(b) and (c).

III. **MANUAL FOR COMPLEX LITIGATION**

It is parties' position that the matter is not complex such that any portion of the Manual for Complex Litigation should be utilized in managing the matter.

IV. **MOTION SCHEDULE**

There are two pending motions filed by Netflix: (1) Netflix's Special Motion to Strike (Dkt. 26), and (2) Netflix's Motion to Dismiss (Dkt. 28). The parties anticipate filing dispositive motions, if necessary, after the close of discovery.

V. **EXPERT WITNESSES**

The parties propose that any expert discovery should be conducted after the completion of fact discovery and should be completed prior to the deadline to file dispositive motions. The parties propose the following deadlines: (i) April 14, 2025 for initial expert witness disclosures; (ii) May 19, 2025 for rebuttal expert witness disclosures; and (iii) June 16, 2025 for the close of expert discovery.

VI. **SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION**

The parties prefer to utilize a neutral from the Court Mediation Panel, and propose that the mediation occur after the later of (i) the close of discovery and (ii) the Court's ruling(s) on motion(s) for summary judgment, if any. The parties accordingly proposes that the deadline to conduct mediation shall be two weeks before the Pre-Trial Conference.

## VII. TRIAL ESTIMATE

The parties preliminarily estimate that trial will last approximately 14 court days. The parties expect to continue their respective analyses of this issue as discovery unfolds, and reserve their right to modify their estimates based upon the outcome of fact discovery, experts discovery, and the Court's ruling on dispositive motions.

## VIII. ADDITIONAL PARTIES

The parties do not currently anticipate the appearance of additional parties in this matter.

## IX. PROPOSED CASE SCHEDULE

The parties propose the following case schedule:

| Event | Weeks Before Trial | Requested Date |
|---|---|---|
| Last Day to Amend Complaint or Add Parties | 47 | October 21, 2024 |
| Fact Discovery Cut-off | 27 | March 10, 2025 |
| Initial Expert Witness Disclosures | 22 | April 14, 2025 |
| Rebuttal Expert Witness Disclosures | 17 | May 19, 2025 |
| Expert Discovery Cut-Off | 13 | June 16, 2025 |
| Last Day to File Motions | 11 | June 30, 2025 |
| Last Day to Conduct ADR Proceedings | 4 | August 18, 2025 |
| Pre-Trial Conference | 2 | September 2, 2025 |
| Trial (14 days) | | September 15, 2025 |

| | | |
|---|---|---|
| 1 | Dated: August 30, 2024 | LATHAM & WATKINS LLP |
| 2 | | Marvin S. Putnam |
| 4 | | By /s/ Marvin S. Putnam |
| 5 | | Marvin S. Putnam |
| 6 | | *Attorneys for Defendants* Netflix, Inc. and Netflix Worldwide Entertainment, LLC |
| 9 | Dated: August 30, 2024 | THE ROTH LAW FIRM, PLLC |
| | | Richard A. Roth (*pro hac vice*) |
| | | Brian Levenson (*pro hac vice*) |
| 13 | | By /s/ Richard A. Roth |
| | | Richard A. Roth |
| 14 | | LAW OFFICES OF ALLEN HYMAN |
| 15 | | Allen Hyman |
| 17 | | *Attorneys for Plaintiff* Fiona Harvey |

## **ATTESTATION REGARDING SIGNATURES**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I hereby attest that all other signatories listed, and on whose behalf this filing is submitted, concur in this filing's content and have authorized this filing.

Dated: August 30, 2024          By /s/ Marvin S. Putnam
                                   Marvin S. Putnam