1   LATHAM & WATKINS LLP
2       Marvin S. Putnam (Bar No. 212839)
         *marvin.putnam@lw.com*
3       Laura R. Washington (Bar No. 266775)
         *laura.washington@lw.com*
4   10250 Constellation Blvd., Suite 1100
    Los Angeles, California 90067
5   Telephone:  +1.424.653.5500
    Facsimile:  +1.424.653.5501
6

7   *Attorneys for Defendants*
    Netflix, Inc., and
8   Netflix Worldwide Entertainment, LLC

9

                **UNITED STATES DISTRICT COURT**
10
                **CENTRAL DISTRICT OF CALIFORNIA**
11

12  FIONA HARVEY,                          Case No. 2:24-cv-04744-RGK-AJR

13              Plaintiff,                  **REPLY IN FURTHER SUPPORT OF
                                            REQUEST FOR JUDICIAL NOTICE
14      v.                                  IN SUPPORT OF DEFENDANTS'
                                            MOTION TO DISMISS**
15  NETFLIX, INC., and NETFLIX
16  WORLDWIDE ENTERTAINMENT,                Date:       September 16, 2024
    LLC,                                    Time:       9:00 a.m.
17                                          Place:      Courtroom 850
              Defendants.
18                                          Hon. R. Gary Klausner
19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

Case No. 2:24-cv-04744-RGK-AJR
REPLY IFSO REQUEST FOR JUDICIAL NOTICE ISO
DEFENDANTS' MOTION TO DISMISS

## I.    INTRODUCTION.

Defendants Netflix, Inc. and Netflix Worldwide Entertainment, LLC (collectively, "Netflix") hereby submit this reply in further support of their Request for Judicial Notice in Support of Defendants' Motion to Dismiss (the "Request").

In plaintiff Fiona Harvey's ("Harvey's") Opposition to Defendants' Request for Judicial Notice in Support of Their Motion to Dismiss (the "Opposition"), she argues that Netflix's Request should be denied because Exhibits B-H to the Declaration of Marvin S. Putnam (the "Putnam Declaration") are not suitable for judicial notice, are not reasonably beyond dispute, and irrelevant. Opp. at 2.[1] Yet, outside of her rote recitation that all of the Exhibits do not meet the requirements for judicial notice, Harvey does not actually dispute their authenticity, their accuracy, or that they show the existence of the public interest or controversy for which Netflix cites to them for.[2]

Rather, Harvey takes a blunderbuss approach and argues that this Court should not take judicial notice of any of Exhibits B-G because courts do not take judicial notice of newspapers articles. This ignores the great weight of authority in this Circuit permitting courts to, as Netflix requests here, take judicial notice of publications, including media coverage and articles, to demonstrate what was in the public realm. The Could should grant Netflix's Request, as in a defamation action these articles can appropriately be judicially noticed to demonstrate what was in the public realm.

---

[1] Harvey does not respond to Netflix's request that this Court take judicial notice of Exhibit A and has therefore waived any argument that Exhibit A or the statements therein are not judicially noticeable. *See Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) ("[I]n most circumstances, failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue.").

[2] Indeed, Harvey relies on Exhibit B to the Putnam Declaration in her Opposition to Netflix's Motion to Dismiss. *See* Plaintiff's Opposition to Defendants' Motion to Dismiss at 11.

2

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

Case No. 2:24-cv-04744-RGK-AJR
REPLY IFSO REQUEST FOR JUDICIAL NOTICE ISO
DEFENDANTS' MOTION TO DISMISS

## II.    ARGUMENT.

Harvey first argues that Netflix's Request should be denied because Netflix fails to allege which specific facts within the Exhibits B-G are beyond dispute and subject to judicial notice. Opp. at 4. This argument ignores that Netflix explained the purposes and the facts for which it is seeking judicial notice from each Exhibit. Request at 3-4. For example, Netflix stated it is requesting judicial notice of Exhibits B-D that several news sources reported on accusations regarding Harvey harassing and stalking several individuals, and Exhibits E and F are cited to show that members of the public speculated that several other individuals, other than Harvey, may have been the inspiration for the Martha Scott character in the Series. Request at 3-4. Netflix's showing and identification of what facts it seeks judicial notice of is sufficient here. *See Elliot v. Lions Gate Ent. Corp.*, 639 F. Supp. 3d 1012, 1022 (C.D. Cal. 2022) (granting request for judicial notice of media coverage reflected in local and national news stores).[3]

Harvey next argues that this Court should not take judicial notice of Exhibits B-G because courts routinely reject requests for judicial notice of news articles. Opp. at 5. However, contrary to Harvey's contention, "[i]n defamation cases, courts commonly take judicial notice of relevant publications to illustrate what 'was in the public realm at the time, [although] not whether the contents of those articles were in fact true.'" *Elliot v. Lions Gate Ent. Corp.*, 639 F. Supp. 3d 1012, 1022 (C.D. Cal. 2022) (quoting *Makaeff v. Trump Univ.*, LLC, 715 F.3d 254, 259 (9th Cir. 2013)); *Carmel v. Mizuho Bank, Ltd.*, No. LA CV18-02483 JAK (Ex), 2018 U.S. Dist. LEXIS 224419, at *3 (C.D. Cal. Nov. 13, 2018) ("The Ninth Circuit has confirmed that courts 'may take judicial notice of publications,' such as

---

[3] Moreover, this argument is belied by Harvey's own request for judicial notice, which provides no explanation of the facts she is seeking judicial notice of or the purpose for which she intends to use the judicially noticed documents. *See generally* Plaintiff's Request for Judicial Notice in Opposition to Defendants' Motion to Dismiss.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

Case No. 2:24-cv-04744-RGK-AJR
REPLY IFSO REQUEST FOR JUDICIAL NOTICE ISO
DEFENDANTS' MOTION TO DISMISS

1    'newspapers, magazines, and books.'"); *Carmel v. Mizuho Bank, Ltd.*, No. LA

2    CV18-02483 JAK (Ex), 2018 U.S. Dist. LEXIS 224419, at *3 (C.D. Cal. Nov. 13,

3    2018); *Lee v. Lee*, No. LA CV19-08814 JAK (PVCx), 2022 U.S. Dist. LEXIS

4    235778, at *7 (C.D. Cal. Dec. 1, 2022) ("A court may take judicial notice of a wide

5    range of records, including public records, government documents, judicial

6    opinions, municipal ordinances, newspaper and magazine articles, and the contents

7    of websites.") (collecting cases); *Paralyzed Veterans of Am. v. McPherson*, No. C

8    06-4670 SBA, 2008 U.S. Dist. LEXIS 69542, at *17 (N.D. Cal. Sep. 8, 2008) ("It is

9    not uncommon for courts to take judicial notice of factual information found on the

10    world wide web.").

11      It is therefore telling that Harvey's authorities involve courts denying requests

12    for judicial notice when the party requests that the court take judicial notice of

13    disputed facts or conclusions in the requested article to prove or disprove an assertion

14    rather than to show what was in the public realm. *See Ali v Intel Corp.*, 2018 WL

15    5734673, at *3 (N.D. Cal. 2018) (declining to take judicial notice of two newspapers

16    articles about discrimination against the Muslim community for the purposes of

17    proving systemic discrimination against the Muslim community); *Mat-Van, Inc. v*

18    *Sheldon Good & Co. Auctions*, LLC, 07-CV-912-IEG BLM, 2008 WL 346421, at

19    *8 (S.D. Cal. 2008) (declining to take judicial notice of two news articles and the

20    facts therein for the purposes of refuting plaintiff's claims on a motion to dismiss);

21    *Lennard v. Yeung*, No. CV1009322MMMAGRX, 2011 WL 13217784, at *6 n.43

22    (C.D. Cal. June 7, 2011) (declining to take judicial notice of two articles for the

23    purpose of refuting plaintiff's allegations on a motion to dismiss); *Harrison v.*

24    *Milligan*, No. C 09-4665 SI PR, 2012 WL 1835428, at *1 (N.D. Cal. May 21, 2012)

25    (denying request for judicial notice of quote in newspaper article to prove that a

26    specific term is widely utilized). Harvey's blanket assertion that this Court cannot

27    take judicial notice of the Exhibits fails.

28

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
CENTURY CITY

1    Netflix is not asking the Court to take judicial notice of disputed facts or to

2 prove or disprove assertions in the articles.  Instead, it is requesting that the Court

3 take judicial notice of what is in the public realm, which this Court can—and

4 should—do.

5 **III.    CONCLUSION.**

6    For the reasons stated herein and in Netflix's Request, this Court should grant

7 Netflix's Request and take judicial notice of Exhibits A-G of the Putnam

8 Declaration.

9

10 Dated:  September 3, 2024                 Respectfully submitted,

11                                                              LATHAM & WATKINS LLP
                                                                   Marvin S. Putnam
12

13                                                              By  */s/ Marvin S. Putnam*
                                                                   Marvin S. Putnam
14                                                              Attorney for Defendants
                                                                   Netflix, Inc., and Netflix Worldwide
15                                                              Entertainment, LLC

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

Case No. 2:24-cv-04744-RGK-AJR
REPLY IFSO REQUEST FOR JUDICIAL NOTICE ISO
DEFENDANTS' MOTION TO DISMISS