```
 1  LATHAM & WATKINS LLP
       Marvin S. Putnam (Bar No. 212839)
 2       marvin.putnam@lw.com
       Laura R. Washington (Bar No. 266775)
 3       laura.washington@lw.com
    10250 Constellation Blvd., Suite 1100
 4  Los Angeles, California 90067
    Telephone: +1.424.653.5500
 5  Facsimile: +1.424.653.5501
 6
 7  Attorneys for Defendants
    Netflix, Inc., and
 8  Netflix Worldwide Entertainment, LLC
 9
                   UNITED STATES DISTRICT COURT
10
                  CENTRAL DISTRICT OF CALIFORNIA
11
12
    FIONA HARVEY,                    Case No. 2:24-cv-04744-RGK-AJR
13
                Plaintiff,           REPLY IN FURTHER SUPPORT OF
14                                   REQUEST FOR JUDICIAL NOTICE
         v.                          IN SUPPORT OF DEFENDANTS'
15                                   SPECIAL MOTION TO STRIKE
    NETFLIX, INC., and NETFLIX
16  WORLDWIDE ENTERTAINMENT,         Date:   September 16, 2024
    LLC,                             Time:   9:00 a.m.
17                                   Place:  Courtroom 850
                Defendants.
18                                   Hon. R. Gary Klausner
```

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

Case No. 2:24-cv-04744-RGK-AJR
REPLY IFSO REQUEST FOR JUDICIAL NOTICE ISO
DEFENDANTS' SPECIAL MOTION TO STRIKE

## I.      INTRODUCTION.

Defendants Netflix, Inc. and Netflix Worldwide Entertainment, LLC (collectively, "Netflix") hereby submit this reply in further support of their Request for Judicial Notice in Support of Defendants' Motion to Strike (the "Request").

In plaintiff Fiona Harvey's ("Harvey's") Opposition to Defendants' Request for Judicial Notice in Support of Their Motion to Strike (the "Opposition"), she argues that Netflix's Request should be denied because Exhibits B-T to the Declaration of Marvin S. Putnam (the "Putnam Declaration") are not suitable for judicial notice, are not reasonably beyond dispute, and irrelevant. Opp. at 2.[1]

In support of this, she argues that the Court should not take judicial notice of any of the articles because courts regularly reject requests for judicial notice of newspaper articles. This ignores the great weight of authority in this Circuit permitting courts to, as Netflix requests here, take judicial notice of publications, including media coverage and articles, to demonstrate what was in the public realm.

Outside of her rote recitation that Exhibits B-T do not meet the requirements for judicial notice and misplaced argument about the propriety of taking judicial notice of articles, Harvey does not actually dispute their authenticity, the accuracy of their contents, or that they show the existence of the public interest or controversy for which Netflix cites to them for. Instead, Harvey quibbles with the persuasiveness or meaning of certain documents, but that does not somehow make those documents unsuitable for judicial notice.

---

[1] Harvey does not respond to Netflix's request that this Court take judicial notice of Exhibit A and Harvey's statements therein for the truth of the matter asserted. *See generally* Opp. Harvey has therefore waived any argument that Exhibit A or Harvey's statements therein are not judicially noticeable. *See Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) ("[I]n most circumstances, failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue.").

2

Case No. 2:24-cv-04744-RGK-AJR
REPLY IFSO REQUEST FOR JUDICIAL NOTICE ISO
DEFENDANTS' SPECIAL MOTION TO STRIKE

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

Harvey primarily tries (and fails) to argue Exhibits B-H, I-L, and P-S are not suitable for judicial notice by pointing to cherry-picked examples that she claims show Netflix purportedly influenced or generated these documents to promote *Baby Reindeer* (the "Series"). Opp. at 6-7, 8. Harvey's arguments fail on their face and as a matter of law because she is merely taking issue with the persuasive weight to be ascribed to the Exhibits, rather than whether these Exhibits are properly judicially noticeable for the purposes set forth in Netflix's Request.

Harvey then argues that this Court should not take judicial notice of Exhibits M-O and T because they are not relevant to the claims in this case. Yet these exhibits go directly to whether Harvey is a public figure and public articles are routinely noticed for these purposes in anti-SLAPP motions.[2]

All of these exhibits can be properly judicially noticed. Netflix's Request should be granted.

## II.   ARGUMENT.

Harvey first argues that Netflix's Request should be denied because Netflix fails to allege which specific facts within the Exhibits B-T are beyond dispute and subject to judicial notice. Opp. at 4. This argument wholly ignores that Netflix explained the purposes and the facts for which it is seeking judicial notice from each Exhibit. Request at 3-6. For example, Netflix stated it is requesting judicial notice of Exhibits B-H for the fact that there existed public interest in Richard Gadd's ("Gadd's") story prior to the premiere of the Series, and Exhibits I-L for the fact that there existed a public interest regarding the nominations and critical acclaim the

---

[2] Harvey does not refer to or dispute the authenticity or accuracy of the statements Harvey made herself in Exhibits M-T of the Putnam Declaration or dispute that this Court should take judicial notice of her statements in these exhibits for the truth of the matter asserted as party-opponent statements. In fact, Harvey does the opposite as she relies on her statements in Exhibit M in her Opposition to Netflix's Motion to Strike. *See* Opposition to Defendants' Motion to Strike at 15. Harvey has therefore waived this uncontested issue. *See Stichting Pensioenfonds ABP*, 802 F. Supp. 2d at 1132.

3

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

Case No. 2:24-cv-04744-RGK-AJR
REPLY IFSO REQUEST FOR JUDICIAL NOTICE ISO
DEFENDANTS' SPECIAL MOTION TO STRIKE

1  Series received. Request at 6, 8.³ Netflix's showing and identification of what facts
2  it seeks judicial notice of is sufficient here. *See Elliot v. Lions Gate Ent. Corp.*, 639
3  F. Supp. 3d 1012, 1022 (C.D. Cal. 2022) (granting request for judicial notice of
4  media coverage reflected in local and national news stories).⁴

5       Harvey next argues that this Court should not take judicial notice of Exhibits
6  B-T because courts routinely reject requests for judicial notice of news articles. Opp.
7  at 5. However, contrary to Harvey's contention, "[i]n defamation cases, courts
8  commonly take judicial notice of relevant publications to illustrate what 'was in the
9  public realm at the time, [although] not whether the contents of those articles were
10 in fact true.'" *Elliot*, 639 F. Supp. 3d at 1022 (quoting *Makaeff v. Trump Univ.*,
11 LLC, 715 F.3d 254, 259 (9th Cir. 2013)); *Carmel v. Mizuho Bank, Ltd.*, No. LA
12 CV18-02483 JAK (Ex), 2018 U.S. Dist. LEXIS 224419, at *3 (C.D. Cal. Nov. 13,
13 2018) ("The Ninth Circuit has confirmed that courts 'may take judicial notice of
14 publications,' such as 'newspapers, magazines, and books.'"); *Carmel v. Mizuho*
15 *Bank, Ltd.*, No. LA CV18-02483 JAK (Ex), 2018 U.S. Dist. LEXIS 224419, at *3
16 (C.D. Cal. Nov. 13, 2018); *Lee v. Lee*, No. LA CV19-08814 JAK (PVCx), 2022 U.S.
17 Dist. LEXIS 235778, at *7 (C.D. Cal. Dec. 1, 2022) ("A court may take judicial
18 notice of a wide range of records, including public records, government documents,
19 judicial opinions, municipal ordinances, newspaper and magazine articles, and the
20 contents of websites.") (collecting cases); *Paralyzed Veterans of Am. v. McPherson*,
21 No. C 06-4670 SBA, 2008 U.S. Dist. LEXIS 69542, at *17 (N.D. Cal. Sep. 8, 2008)

---

³ Indeed, for Exhibit A to the Putnam Declaration—which Harvey does not oppose judicial notice of—Netflix identifies Harvey's specific statements within the 54-minute *Piers Morgan Uncensored* interview that it seeks to have judicially noticed. *See* Request at 4-5.

⁴ Moreover, this argument is belied by Harvey's own request for judicial notice, which provides no explanation of the facts she is seeking judicial notice of or the purpose for which she intends to use the judicially noticed documents for. *See generally* Plaintiff's Request for Judicial Notice in Opposition to Defendants' Motion to Strike.

4

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

Case No. 2:24-cv-04744-RGK-AJR
REPLY IFSO REQUEST FOR JUDICIAL NOTICE ISO
DEFENDANTS' SPECIAL MOTION TO STRIKE

("It is not uncommon for courts to take judicial notice of factual information found on the world wide web.").

It is therefore telling that Harvey's authorities involve courts denying requests for judicial notice when the party requests that the court take judicial notice of disputed facts or conclusions in the article to prove or disprove something rather than to show what was in the public realm. *See Ali v Intel Corp.*, 2018 WL 5734673, at *3 (N.D. Cal. 2018) (declining to take judicial notice of two newspapers articles about discrimination against the Muslim community for the purposes of proving systemic discrimination against the Muslim community); *Mat-Van, Inc. v Sheldon Good & Co. Auctions*, LLC, 07-CV-912-IEG BLM, 2008 WL 346421, at *8 (S.D. Cal. 2008) (declining to take judicial notice of two news articles and the facts therein for the purposes of refuting plaintiff's claims on a motion to dismiss); *Lennard v. Yeung*, No. CV1009322MMMAGRX, 2011 WL 13217784, at *6 n.43 (C.D. Cal. June 7, 2011) (declining to take judicial notice of two articles for the purpose of refuting plaintiff's allegations on a motion to dismiss); *Harrison v. Milligan*, No. C 09-4665 SI PR, 2012 WL 1835428, at *1 (N.D. Cal. May 21, 2012) (denying request for judicial notice of quote in newspaper article to prove that a specific term is widely utilized).

Harvey's blanket assertion that this Court cannot take judicial notice of the Exhibits fails and her objections to each category of Exhibits similarly fail.

**Putnam Decl. Exs. B-H.** Harvey does not dispute the authenticity or the accuracy of the contents of these articles, identify any facts or statements within these documents that are subject to reasonable dispute for the purposes for which Netflix offers these Exhibits, or argue that these articles are irrelevant. Opp. at 6. Nor could she as each is properly capable of judicial notice to show the existence of a public interest in Gadd prior to the premiere of the Series. *See Elliot*, 639 F. Supp. 3d at 1022 (taking judicial notice of news stories and extensive media coverage in a defamation case for purposes of demonstrating the public's interest in the subject of

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

Case No. 2:24-cv-04744-RGK-AJR
REPLY IFSO REQUEST FOR JUDICIAL NOTICE ISO
DEFENDANTS' SPECIAL MOTION TO STRIKE

the news stories).

Rather, Harvey argues that this Court should refuse to take judicial notice of each of these 7 publicly available articles because two articles (Exhibits G and H), written by third parties were purportedly "articles generated by [Netflix's] own promotion press and trailers." Opp. at 6.[5] Harvey may have some disagreements about what the articles mean, but that does not mean the articles are not judicially noticeable to show public interest in Gadd's story prior to the premiere of the series. *See Lockhart v. Cty. of L.A.*, No. CV 07-1680 ABC (PJWx), 2007 U.S. Dist. LEXIS 119102, at *16 (C.D. Cal. Oct. 16, 2007) ("Plaintiffs do not dispute the content of these documents, but rather their legal significance, so the Court may take judicial notice of these documents"); *Stafford v. Brink's, Inc.*, No. CV-14-01352-MWF (PLAx), 2015 U.S. Dist. LEXIS 191825, at *10 (C.D. Cal. Dec. 1, 2015) (granting request for judicial notice over parties' objections went "to the persuasive weight to be ascribed rather than the judicial noticeability of the [documents]").

**Putnam Decl. Exs. I-L.**  Again, Harvey does not dispute the authenticity or accuracy of the contents of Exhibits I-L or argue that these documents cannot be judicially noticed for a valid reason. Indeed, that is because she cannot, as media coverage, including news articles, can be judicially noticed for the purpose of showing the existence of public interest in the subject of the media coverage. *See Elliot*, 639 F. Supp. 3d at 1022.

Harvey instead argues that this Court should deny Netflix's Request based on an unsubstantiated and outlandish theory associated with one of the four Exhibits (Exhibit L).[6] Harvey's theory is that Netflix masterminded coverage of the Series

---

[5] Harvey's argument here ignores Exhibits B-F, which are articles that do not mention Netflix and focus on Gadd's prior works, such as the *Baby Reindeer* play. *See* Putnam Decl. Exs. B-F.

[6] Harvey ignores and fails to explain how Exhibits I, J, and K to the Putnam Declaration suffer from this purported "promotional house of mirrors" or how these exhibits are not appropriate for judicial notice. Opp. at 6-7.

from reputable sources, such as Vanity Fair, because it and Vanity Fair are supporters of the Gotham Film & Media Institute and that this somehow makes the article not suited for judicial notice. Opp. at 6-7. This theory ignores Exhibits I-K, is flat out wrong, wholly speculative, and entirely misplaced in an Opposition to a Request for Judicial Notice.[7] Again, Harvey takes issue with the persuasiveness of the articles, but this is different than establishing that the articles are not judicially noticeable. *See Lockhart*, 2007 U.S. Dist. LEXIS 119102, at *16; *Stafford v. Brink's, Inc.*, 2015 U.S. Dist. LEXIS 191825, at *10.

**Putnam Decl. Exs. M-O.** Harvey argues these Exhibits should not be subject to judicial notice because these articles are irrelevant since there is no mention of the restraining order that is the subject of these articles in the Series or Harvey's Complaint. Opp. at 7-8. Harvey's argument is misplaced as Netflix is not requesting judicial notice of these articles solely for a "restraining order." Rather, Netflix requests that this Court take judicial notice of these articles to show that Harvey was publicly accused of stalking other individuals prior to Gadd, and that there existed public interest in Harvey's stalking of these individuals, which goes directly to Harvey's role as a public figure. Request at 6.[8] Courts routinely take judicial notice of articles and other media coverage to determine whether a party is a public figure in connection with an anti-SLAPP motion. *See Makeaff v. Trump Univ. LLC*, 715 F.3d 254, 259 n.2 (9th Cir. 2013) (taking judicial notice of newspaper, magazine articles, and web pages for purposes of determining Trump University was a limited

---

[7] Regardless, even if Harvey's argument is taken at face value (and it should not be), promotion material, such as press releases, are judicially noticeable. *See*, *e.g.*, *Blue Bottle Coffee, LLC v. Chuan Liao*, No. 21-cv-06083-CRB, 2023 U.S. Dist. LEXIS 234802, at *16 (N.D. Cal. Nov. 30, 2023) ("press release are properly subject to judicial notice as public internet postings").

[8] Netflix does need to not rely on these articles to establish the existence of or a reference to a "restraining order" because such existence is established in Laura Wray's unchallenged declaration. *See* Declaration of Laura Wray in Support of Defendants' Special Motion to Strike ¶ 20.

7

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

Case No. 2:24-cv-04744-RGK-AJR
REPLY IFSO REQUEST FOR JUDICIAL NOTICE ISO
DEFENDANTS' SPECIAL MOTION TO STRIKE

public figure); *see also Elliot*, 639 F. Supp. 3d at 1022 (taking judicial notice of news stories and extensive media coverage in a defamation case for purposes of demonstrating the public's interest in a cult and plaintiff's role in connection with the cult).[9]  Therefore, this Court should take judicial notice of Exhibits M-O.

**Putnam Decl. Exs. P-S.**  Harvey, again, does not dispute the authenticity or contents of these documents.  Nor does Harvey dispute that the documents show what Netflix is requesting judicial notice of the documents for:  that members of the public speculated that individuals (other than Harvey) were the inspiration for the Martha character in the series, and the existence of public statements by Gadd requesting that viewers stop speculating about the "real-life" inspiration for the characters of the series.  Request at 6.

Instead, Harvey argues that the Request should be denied because Netflix is trying to turn self-serving press coverage into "undeniable evidence" that Gadd attempted to undo the damage caused by the Series.  Opp. at 8.  Again, Harvey quibbles with what the persuasiveness of the documents, but that does not mean the documents are not judicially noticeable as judicial notice of media coverage or articles to "show the existence of public statements" are proper subjects of judicial notice.  *See Rock the Vote v. Trump*, No. 20-cv-06021-WHO, 2020 U.S. Dist. LEXIS 202069, at *11 n.1 (N.D. Cal. Oct. 29, 2020) (taking judicial notice "of the existence of . . . public statements"); *see also Elliot*, 639 F. Supp. 3d at 1022.

**Putnam Decl. Exs. M and T.**  Harvey, yet again, does not dispute the authenticity or accuracy of the contents of these exhibits.  Instead, she argues they are irrelevant because candidates for office are not public figures after an election.  Opp. at 8-9.  Not so.  The existence of public controversy regarding Harvey's attempted run for a Scottish Parliament seat and that Harvey's involvement in politics existed in the public realm is plainly relevant as to whether Harvey is a public

---

[9] Harvey concedes the relevance of Exhibit M as she cites to it in her Opposition. *See* Opp. at 17 (quoting Harvey's statement in Exhibit M to the Putnam Declaration).

figure for purposes of a defamation claim. *See* Memorandum of Law in Support of Defendants' Special Motion to Strike at 15 ("courts have consistently held that persons running for office are the paradigmatic public figures" (citing *Kapellas v. Kofman*, 1 Cal. 3d 20, 36 (1969); *Mosesian v. McClatchy Newspapers*, 233 Cal. App. 3d 1685, 1696 (1991)).[10]

Courts routinely take judicial notice of public articles and media coverage for purposes of an individual's status as a public figure. *See Makeaff*, 715 F.3d at 259 n.2; *see also Elliot*, 639 F. Supp. 3d at 1022. Harvey offers no compelling reason why the Court should not do so here. Harvey can take issue with the persuasiveness of the documents, but her argument does not make the documents improper for judicial notice. *See Lockhart*, 2007 U.S. Dist. LEXIS 119102, at *16; *Stafford v. Brink's, Inc.*, 2015 U.S. Dist. LEXIS 191825, at *10.

## III. CONCLUSION

For the reasons stated herein and in Netflix's Request, this Court should grant Netflix's Request and take judicial notice of Exhibits A-T of the Putnam Declaration.

Dated: September 4, 2024

Respectfully submitted,

LATHAM & WATKINS LLP
  Marvin S. Putnam

By  */s/ Marvin S. Putnam*
  Marvin S. Putnam
  Attorney for Defendants
  Netflix, Inc., and Netflix Worldwide Entertainment, LLC

---

[10] Harvey's argument here is also belied by the fact that she cites to and relies on Exhibits M and T to the Putnam Declaration in her Opposition. *See* Opp. at 15 (quoting Harvey's statement in Exhibit M to the Putnam Declaration); *id.* at 13 (relying on Exhibits M and T to the Putnam Declaration); *id.* at 17 (same).

9

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

Case No. 2:24-cv-04744-RGK-AJR
REPLY IFSO REQUEST FOR JUDICIAL NOTICE ISO
DEFENDANTS' SPECIAL MOTION TO STRIKE