LATHAM & WATKINS LLP
  Marvin S. Putnam (Bar No. 212839)
    *marvin.putnam@lw.com*
  Laura R. Washington (Bar No. 266775)
    *laura.washington@lw.com*
10250 Constellation Blvd., Suite 1100
Los Angeles, California 90067
Telephone: +1.424.653.5500
Facsimile: +1.424.653.5501

*Attorneys for Defendants*
Netflix, Inc., and
Netflix Worldwide Entertainment, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIONA HARVEY,<br><br>    Plaintiff,<br><br>v.<br><br>NETFLIX, INC., and NETFLIX WORLDWIDE ENTERTAINMENT, LLC,<br><br>    Defendants. | Case No. 2:24-cv-04744-RGK-AJR<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE**<br><br>Date:    September 16, 2024<br>Time:   9:00 a.m.<br>Place:  Courtroom 850<br><br>Hon. R. Gary Klausner |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

Case No. 2:24-cv-04744-RGK-AJR
DEFENDANTS' OPP. TO PLAINTIFF'S RJN IN OPP.
TO DEFENDANTS' MOTION TO STRIKE

## I. INTRODUCTION.

Defendants Netflix, Inc. and Netflix Worldwide Entertainment, LLC (collectively, "Netflix") hereby submit this Opposition to Plaintiff Fiona Harvey's ("Harvey's") Request for Judicial Notice in Opposition to Defendants' Motion to Strike ("Request").

Under Rule 201 of the Federal Rules of Evidence, courts may take judicial notice of any fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  However, courts do not take judicial notice of documents in their entirety; they take judicial notice of specific facts within those documents or facts from the existence of the documents themselves.  In fact, courts routinely deny requests for judicial notice that fail to identify the facts or purposes for which the party requests judicial notice of the document.

Harvey's Request fails for this reason.  She does not identify any facts within Exhibits 1-4 and 7-9 of the Levenson Declaration that she seeks to have judicially noticed, nor does she articulate any purpose for which these documents should be noticed.  For instance, Harvey requests judicial notice of Exhibit 1, a 34-page transcript of a May 8, 2024 hearing in the House of Commons, without specifying which facts or for what purpose she seeks judicial notice of this entire transcript.  This deficiency is consistent across Exhibits 2-4 and 7-9 and merits denial of Harvey's Request in its entirety.

Even if this Court does not deny Harvey's Request outright for failing to identify the specific facts she seeks to have judicially noticed, the Request should still be denied because Exhibits 1-4, 7, and 9 are either irrelevant or improperly utilized for the truth of their contents.  For example, Exhibits 1 and 3 involve statements by Netflix's Senior Director of Public Policy, which are irrelevant as they do not concern Harvey and are privileged under Cal. Civ. Code § 47(b).  Similarly,

2

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

Case No. 2:24-cv-04744-RGK-AJR
DEFENDANTS' OPP. TO PLAINTIFF'S RJN IN OPP.
TO DEFENDANTS' MOTION TO STRIKE

Exhibits 2 and 7 are irrelevant as they do not mention Harvey and cannot be used to establish any identifiable statement of fact about her.  Exhibit 4, a website explaining the process of becoming a Member of Parliament, is irrelevant to the issues at hand and is improperly used to support a disputed contention.  Lastly, Exhibit 9, excerpts from Netflix's 2024 10-K filing, is irrelevant to the resolution of Netflix's Special Motion to Strike (the "Motion") and is improperly used to establish the truth of the matters asserted therein.

For these reasons, Harvey's Request for Judicial Notice should be denied in its entirety.

## II.   ARGUMENT.

This Court should deny Harvey's Request outright.  Under Rule 201 of the Federal Rules of Evidence, courts may take judicial notice of any fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

That said, "[c]ourts do not take judicial notice of documents, they take judicial notice of facts. The existence of a document could be such a fact, but only if the other requirements of Rule 201 are met." *Cruz v. Specialized Loan Servicing, LLC*, No. SACV 22-01610-CJC (JDEx), 2022 WL 18228277, at *2 (C.D. Cal. Oct. 14, 2022) (citation and internal brackets omitted).

Accordingly, "[a] court must 'consider—and identify—which fact or facts it is noticing' from a document." *Easton v. Wells Fargo & Co.*, No. 2:20-cv-06070-AB-RAO, 2023 WL 6194043, at *4 (C.D. Cal. Aug. 18, 2023) (quoting *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).  And "[a] court may consider the purpose of judicial notice to determine which facts are noticeable." *Id.* "As a result, the requesting party should accordingly identify what facts within the

1  document it seeks to have judicially noticed." *United States v. Bychak*, No. 18-CR-
2  4683-GPC, 2021 WL 734371, at *4 (S.D. Cal. Feb. 25, 2021).

3  Courts therefore routinely deny requests for judicial notice of documents
4  when the requests fail to identify the purpose or facts that the party seeks judicial
5  notice of.  *See*, *e.g.*, *Capaci v. Sports Research Corp.*, 445 F. Supp. 3d 607, 617
6  (C.D. Cal. 2020) (denying judicial notice when requesting party "simply requests
7  that the court take judicial notice of the documents in their entirety"); *Bradford v.
8  Dejesus*, No. 2:21-cv-1411 KJM CKD P, 2022 U.S. Dist. LEXIS 226305, at *2-3
9  (E.D. Cal. Dec. 14, 2022) ("Because plaintiff does not identify any facts which
10 should be judicially noticed or are worthy of judicial notice in this case, his request
11 is **denied**.") (emphasis in original); *Riley v. Chopra*, No. CV 18-3371 FMO (SKx),
12 2020 WL 5217154, at *2 (C.D. Cal. June 19, 2020) (finding requesting party's
13 arguments "unpersuasive" given party's failure to identify what facts were to be
14 judicially noticed); *DalPoggetto v. Wirecard AG*, No. CV 19-0986 FMO (SKx),
15 2020 WL 2374948, at *2 (C.D. Cal. Apr. 15, 2020) (denying the defendant's request
16 for judicial notice where the defendant had only requested that the court notice whole
17 documents rather than specific facts).

18 Harvey's Request does not identify any facts that she seeks to have judicially
19 noticed from Exhibits 1-4 and 7-9 of the Levenson Declaration.  Nor does she
20 identify or articulate any purpose for which she seeks to have the documents
21 judicially noticed.  For example, Harvey requests that this Court take judicial notice
22 of Exhibit 1, a 34-page transcript of a May 8, 2024 hearing in the House Commons
23 without any details as to what facts or purpose she is seeking to have judicially
24 noticed from the transcript.  Request at 4-5.  Harvey's requests to judicial notice
25 Exhibits 2-4 and 7-9 suffer from the same infirmity—at no point in her Request does
26 Harvey identify the facts she seeks the Court to take judicial notice of from the
27 documents.  *See generally* Request.  For this reason, Harvey's Request for judicial
28 notice of Exhibits 1-4 and 7-9 of the Levenson Declaration should be denied.  *See*

4

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

Case No. 2:24-cv-04744-RGK-AJR
DEFENDANTS' OPP. TO PLAINTIFF'S RJN IN OPP.
TO DEFENDANTS' MOTION TO STRIKE

*Capaci*, 445 F. Supp. 3d at 617 (denying request for judicial notice when requesting party "simply requests that the court take judicial notice of the documents in their entirety").

In the event this Court does not deny Harvey's Request in its entirety for failing to identify the facts she seeks to have judicially noticed, this Court should nevertheless deny her Request because Exhibits 1-4, 7, and 9 are either irrelevant or improperly utilized for the truth of their contents.

***Levenson Decl. Exs. 1 and 3.*** Exhibits 1 and 3 to the Levenson Declaration involve statements by Netflix's Senior Director of Public Policy, Mr. King, and are irrelevant to Defendants Motion. Mr. King's statements in these exhibits are irrelevant as they are not identifiable statements of fact about *Harvey* as they never mention Harvey and no reasonable person would understand statements in these Exhibits to concern her. Regardless, statements before Parliament are privileged under Cal. Civ. Code § 47(b) and cannot form the basis of a defamation claim. *See Scott v. McDonnell Douglas Corp.*, 37 Cal. App. 3d 277, 288, 293 (1974); *Pettitt v. Levy*, 28 Cal. App. 3d 484, 488 (1972).[1] The documents are therefore irrelevant to the resolution of Defendants' Motion and this Court should deny Harvey's request for judicial notice as to Exhibits 1 and 3 to the Levenson Declaration. *See Elliot v. Lions Gate Ent. Corp.*, 639 F. Supp. 3d 1012, 1022 (C.D. Cal. 2022) (denying request for judicial notice because the "materials [were] not relevant to the resolution of [d]efendants' [m]otion").

Even if this Court were to take judicial notice of these irrelevant and unactionable documents, the Court should not take judicial notice of these

---

[1] Netflix raised this argument in its Motion. *See* Motion at 12 n.4. Harvey failed to respond in her Opposition and has thus conceded this point. *See Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) ("[I]n most circumstances, failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue.").

documents for the truth of the matters asserted therein. *See Coal. for a Sustainable Delta v. FEMA*, 812 F. Supp. 2d 1089, 1093 (E.D. Cal. 2011) ("Public records are subject to judicial notice under [Rule] 201 to prove their existence and content, but not for the truth of the matters asserted therein.") (internal marks omitted).

**Levenson Decl. Exs. 2 and 7.** This Court should similarly deny Harvey's request for judicial notice for these documents. Exhibits 2 and 7 to the Levenson Declaration are both irrelevant because they cannot be used as an identifiable statement of fact about Harvey. These documents never mention Harvey and no reasonable viewer of the Series would understand any statement in these documents to concern her. As a result, these documents are irrelevant and any fact contained therein should not be judicially noticed. *See Pac. Gas & Elec. Co. v. Lynch*, 216 F. Supp. 2d 1016, 1025 (N.D. Cal. 2002) (declining to take judicial notice of settlement agreement between defendants and the SEC because the documents were not relevant to the instant dispute). Moreover, in the event this Court takes judicial notice of these documents, it should not do so for the truth of the matters asserted therein. *See Elliot v. Lions Gate Entm't Corp.*, 639 F. Supp. 3d at 1022 (courts may take judicial notice of publications "to illustrate what 'was in the public realm at the time, [although] not whether the contents of those articles were in fact true.'" (quoting *Makaeff v. Trump Univ.*, LLC, 715 F.3d 254, 259 (9th Cir. 2013)).

**Levenson Decl. Ex. 4.** This Court should deny Harvey's Request to take judicial notice of Exhibit 4 to the Levenson Declaration as the document and any facts therein are irrelevant, and Harvey improperly utilizes this exhibit for the truth of its contents. Exhibit 4 is a website purportedly "explaining the process of becoming a Member of Parliament." Request at 2. The process of becoming a Member of Parliament is irrelevant to Defendants' Motion or Harvey's Complaint. *See Elliot*, 639 F. Supp. 3d at 1022 (denying request for judicial notice "because the Court finds these materials not relevant to the resolution of Defendants' Motion.").

6

Case No. 2:24-cv-04744-RGK-AJR
DEFENDANTS' OPP. TO PLAINTIFF'S RJN IN OPP.
TO DEFENDANTS' MOTION TO STRIKE

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

Moreover, the Court should deny Harvey's Request here because Harvey is attempting to utilize this Exhibit to support the disputed contention that she is not a public figure because she never "ran for Parliament," Opposition to Defendants' Motion to Strike (the "Opposition") at 4-5, which is improper since this fact is disputed and the exhibit does not explicitly state or establish that Harvey or anyone else did not run for Parliament. *See Coal. for a Sustainable Delta*, 812 F. Supp. 2d at 1093 ("Public records are subject to judicial notice under [Rule] 201 to prove their existence and content, but not for the truth of the matters asserted therein.") (internal quotation marks omitted).

**Levenson Decl. Ex. 9.** This exhibit is a copy of excerpts from Netflix's 2024 10-K filing with the Securities and Exchange Commission to which Harvey refers to support her contention that Netflix has actual malice and continues to push purported misstatements because in doing so "Netflix knew it would have 'compelling content' to add subscribers." Opposition at 16. As a threshold matter, whether Netflix stated it had compelling content in an SEC filing is irrelevant to decide Netflix's motion and for this reason, this Court should deny Harvey's request. *See Elliot*, 639 F. Supp. 3d at 1022. Moreover, there is no mention of the Series anywhere in the exhibit and there is no indication the reference to "compelling content" is referring to the Series, so Harvey's attempted use of this exhibit is entirely misguided and irrelevant.

In addition, this Courts may take judicial notice of SEC filings "only for the purpose of determining what statements the documents contain, not to prove the truth of the documents' contents." *Troy Grp., Inc. v. Tilson*, 364 F. Supp. 2d 1149, 1152 (C.D. Cal. 2005). Harvey here is attempting to utilize a selective quote that Netflix seeks to provide "compelling content" (with no reference to what content Netflix is referring to) to establish Netflix's actual malice as to Harvey. In so doing, Harvey is attempting to utilize this document for the truth of the matter asserted and as a result, her request here should be denied. *See Ishita Das v. Unity Software Inc.*,

No. 5:22-cv-03962-EJD, 2024 WL 1141733, at *7 (N.D. Cal. Mar. 15, 2024) (taking judicial notice of SEC filings but declining to "consider the truth of the statements within the filings or, as discussed above, use the filings to resolve any factual disputes at this stage").[2]

## III. CONCLUSION

For the foregoing reasons, Netflix respectfully requests that this Court deny Harvey's Request in its entirety.

Dated: September 4, 2024

Respectfully submitted,

LATHAM & WATKINS LLP
  Marvin S. Putnam

By  /s/ Marvin S. Putnam
  Marvin S. Putnam
  Attorney for Defendants
  Netflix, Inc., and Netflix Worldwide
  Entertainment, LLC

---

[2] Harvey argues that Exhibits 2 and 9 can be judicially noticed for the additional reason that they are incorporated by reference in the Complaint. Request at 5, 7. However, this is not so. As stated above, Exhibits 2 and 9 are irrelevant and for a document to be incorporated by reference there "must be no disputed issues as to the document's relevance." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

8

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

Case No. 2:24-cv-04744-RGK-AJR
DEFENDANTS' OPP. TO PLAINTIFF'S RJN IN OPP.
TO DEFENDANTS' MOTION TO STRIKE