**LATHAM & WATKINS LLP**
 Marvin S. Putnam (Bar No. 212839)
  *marvin.putnam@lw.com*
 Laura R. Washington (Bar No. 266775)
  *laura.washington@lw.com*
10250 Constellation Blvd., Suite 1100
Los Angeles, California 90067
Telephone: +1.424.653.5500
Facsimile: +1.424.653.5501

*Attorneys for Defendants*
Netflix, Inc., and
Netflix Worldwide Entertainment, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIONA HARVEY,<br><br>              Plaintiff,<br><br>     v.<br><br>NETFLIX, INC., and NETFLIX WORLDWIDE ENTERTAINMENT, LLC,<br><br>              Defendants. | Case No. 2:24-cv-04744-RGK-AJR<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**<br><br>Date:     September 16, 2024<br>Time:    9:00 a.m.<br>Place:    Courtroom 850<br><br>Hon. R. Gary Klausner |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

Case No. 2:24-cv-04744-RGK-AJR
DEFENDANTS' OPP. TO PLAINTIFF'S RJN IN OPP.
TO DEFENDANTS' MOTION TO DISMISS

## I.      INTRODUCTION.

Defendants Netflix, Inc. and Netflix Worldwide Entertainment, LLC (collectively, "Netflix") hereby submit this Opposition to Plaintiff Fiona Harvey's ("Harvey's") Request for Judicial Notice in Opposition to Defendants' Motion to Dismiss ("Request").

Under Rule 201 of the Federal Rules of Evidence, courts may take judicial notice of any fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  However, courts do not take judicial notice of documents in their entirety; they take judicial notice of specific facts within those documents or facts from the existence of the documents themselves.  In fact, courts routinely deny requests for judicial notice that fail to identify the facts or purposes for which the party requests judicial of the document.

Harvey's Request fails for this reason.  She does not identify any specific facts within Exhibits 1-4 and 7-9 of the Levenson Declaration that she seeks to have judicially noticed, nor does she articulate any purpose for which these documents should be noticed.  For instance, Harvey requests judicial notice of Exhibit 1, a 34-page transcript of a May 8, 2024 hearing in the House of Commons, without specifying which facts or for what purpose she seeks judicial notice of this entire transcript.  This deficiency is consistent across Exhibits 2-4 and 7-9 and merits denial of Harvey's Request in its entirety.

Moreover, even if this Court were to consider taking judicial notice of these documents, it should deny the Request because the documents are either irrelevant or improperly utilized for the truth of their contents.  For example, Exhibits 1 and 3 contain statements by Netflix's Senior Director of Public Policy to Parliament, which are irrelevant to the resolution of Defendants' Motion to Dismiss Complaint (the "Motion") and are privileged under Cal. Civ. Code § 47(b).  Similarly, Exhibits

2

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

Case No. 2:24-cv-04744-RGK-AJR
DEFENDANTS' OPP. TO PLAINTIFF'S RJN IN OPP.
TO DEFENDANTS' MOTION TO DISMISS

2, 4, 7, 8, and 9 are irrelevant to the matters at hand, as evidenced by Harvey's failure to even cite or rely on these documents anywhere in her Opposition to Defendants' Motion to Dismiss (the "Opposition").

For these reasons, and as further detailed below, this Court should deny Harvey's Request for Judicial Notice in its entirety.

## II.     ARGUMENT.

This Court should deny Harvey's Request outright.  Under Rule 201 of the Federal Rules of Evidence, courts may take judicial notice of any fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

That said, "[c]ourts do not take judicial notice of documents, they take judicial notice of facts. The existence of a document could be such a fact, but only if the other requirements of Rule 201 are met." *Cruz v. Specialized Loan Servicing, LLC*, No. SACV 22-01610-CJC (JDEx), 2022 WL 18228277, at *2 (C.D. Cal. Oct. 14, 2022) (citation and internal brackets omitted).

Accordingly, "[a] court must 'consider—and identify—which fact or facts it is noticing' from a document." *Easton v. Wells Fargo & Co.*, No. 2:20-cv-06070-AB-RAO, 2023 WL 6194043856, at *4 (C.D. Cal. Aug. 18, 2023) (quoting *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).  And "[a] court may consider the purpose of judicial notice to determine which facts are noticeable." *Id.*  "As a result, the requesting party should accordingly identify what facts within the document it seeks to have judicially noticed." *United States v. Bychak*, No. 18-CR-4683-GPC, 2021 WL 734371, at *4 (S.D. Cal. Feb. 25, 2021).

Courts therefore routinely deny requests for judicial notice of documents when the requests fail to identify the purpose or facts that the party seeks judicial

notice of.  *See*, *e.g.*, *Capaci v. Sports Rsch. Corp.*, 445 F. Supp. 3d 607, 617 (C.D. Cal. 2020) (denying judicial notice when requesting party "simply requests that the court take judicial notice of the documents in their entirety"); *Bradford v. Dejesus*, No. 2:21-cv-1411 KJM CKD P, 2022 U.S. Dist. LEXIS 226305, at *2-3 (E.D. Cal. Dec. 14, 2022) ("Because plaintiff does not identify any facts which should be judicially noticed or are worthy of judicial notice in this case, his request is **denied.**") (emphasis in original); *Riley v. Chopra*, No. CV 18-3371 FMO (SKx), 2020 WL 5217154, at *2 (C.D. Cal. June 19, 2020) (finding requesting party's arguments "unpersuasive" given party's failure to identify what facts were to be judicially noticed); *DalPoggetto v. Wirecard AG*, No. CV 19-0986 FMO (SKx), 2020 WL 2374948, at *2 (C.D. Cal. Apr. 15, 2020) (denying the defendant's request for judicial notice where the defendant had only requested that the court notice whole documents rather than specific facts).

Harvey's Request does not identify any facts that she seeks to have judicially noticed from Exhibits 1-4 and 7-9 of the Levenson Declaration.  Nor does she identify or articulate any purpose for which she seeks to have the documents judicially noticed.  For example, Harvey requests that this Court take judicial notice of Exhibit 1, a 34-page transcript of a May 8, 2024 hearing in the House Commons without any details as to what facts or purpose she is seeking to have judicially noticed from the transcript.  Request at 4-5.  Harvey's requests to judicial notice Exhibits 2-4 and 7-9 suffer from the same infirmity—at no point in her Request does Harvey identify the facts she seeks the Court to take judicial notice of from the documents.  *See generally* Request.  For this reason, Harvey's Request for judicial notice of Exhibits 1-4 and 7-9 of the Levenson Declaration should be denied.  *See Capaci*, 445 F. Supp. 3d at 617 (denying request for judicial notice when requesting party "simply requests that the court take judicial notice of the documents in their entirety").

In the event this Court does not deny Harvey's Request in their entirety for failing to identify the facts she seeks to have judicially noticed, this Court should nevertheless deny her Request because Exhibits 1-4 and 7-9 are either irrelevant or improperly utilized for the truth of their contents.

***Levenson Decl. Exs. 1 and 3.***  This Court should not take judicial notice of Exhibits 1 and 3 because they are irrelevant.  Exhibits 1 and 3 include statements by Netflix's Senior Director of Public Policy, Mr. King, to Parliament.  Mr. King's statements in these exhibits are irrelevant as they are not identifiable statements of fact about *Harvey* as they never mention Harvey and no reasonable person would understand statements in these Exhibits to concern her.  Regardless, statements before Parliament are privileged under Cal. Civ. Code § 47(b) and cannot form the basis of a defamation claim.  *See Scott v. McDonnell Douglas Corp.*, 37 Cal. App. 3d 277, 288, 293 (1974); *Pettitt v. Levy*, 28 Cal. App. 3d 484, 488 (1972).[1]  The documents are therefore irrelevant to the resolution of Defendants' Motion and this Court should deny Harvey's request for judicial notice as to Exhibits 1 and 3 to the Levenson Declaration.  *See Elliot v. Lions Gate Ent. Corp.*, 639 F. Supp. 3d 1012, 1022 (C.D. Cal. 2022) (denying request for judicial notice because the "materials [were] not relevant to the resolution of [d]efendants' [m]otion") (internal quotation marks omitted).

Even if this Court were to consider taking judicial notice of these irrelevant and unactionable documents, the Court should not take judicial notice of these documents because Harvey seeks to utilize them for the truth of the matters asserted therein.  *See Coal. for a Sustainable Delta v. FEMA*, 812 F. Supp. 2d 1089, 1093

---

[1] Netflix raised this argument in its Motion.  *See* Motion at 9 n.4.  Harvey failed to respond in her Opposition and has thus conceded this point.  *See Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) ("[I]n most circumstances, failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue.").

(E.D. Cal. 2011) ("Public records are subject to judicial notice under [Rule] 201 to prove their existence and content, but not for the truth of the matters asserted therein."). For example, Harvey attempts to use Exhibit 3 to the Levenson Declaration to establish Netflix's actual malice by using Exhibit 3 to establish that "Netflix not only had doubts about its story, it *knew* it was not true." Opp. at 15; *see also id.* at 10. Judicial notice should not, and cannot, be used to establish disputed facts. As a result, this Court should deny Harvey's request here.

**Levenson Decl. Exs. 2 and 7.** This Court should similarly deny Harvey's request for judicial notice for these documents. Exhibits 2 and 7 to the Levenson Declaration are both irrelevant because they cannot be used as an identifiable statement of fact about Harvey. These documents never mention Harvey and no reasonable viewer of the Series would understand any statement in these documents to concern her. Moreover, Harvey concedes the irrelevance of these documents as she does not attempt to rely on or even cite Exhibit 7 in her Opposition. *See generally* Opposition. As a result, these documents are irrelevant, and any fact contained therein should not be judicially noticed. *See Pac. Gas & Elec. Co. v. Lynch*, 216 F. Supp. 2d 1016, 1025 (N.D. Cal. 2002) (declining to take judicial notice of settlement agreement between defendants and the SEC because the documents were not relevant to the instant dispute). Moreover, in the event this Court takes judicial notice of these documents, it should not do so for the truth of the matters asserted therein. *See Elliot*, 639 F. Supp. 3d at 1022 (courts may take judicial notice of publications "to illustrate what 'was in the public realm at the time, [although] not whether the contents of those articles were in fact true.'" (quoting *Makaeff v. Trump Univ.*, LLC, 715 F.3d 254, 259 (9th Cir. 2013)).

**Levenson Decl. Ex. 4.** This Court should deny Harvey's Request to take judicial notice of Exhibit 4 to the Levenson Declaration as the document and any facts therein are irrelevant, and Harvey improperly utilizes this exhibit for the truth of its contents. Exhibit 4 is a website purportedly "explaining the process of

becoming a Member of Parliament." Request at 2. The process of becoming a Member of Parliament is irrelevant to Defendants' Motion or Harvey's Complaint. Indeed, Harvey's Opposition demonstrates the irrelevance of this exhibit as she does not cite to it or attempt to rely on it at any point. *See generally* Opp. This Court should deny Harvey's Request to take judicial notice of a document that even Harvey considers irrelevant to the matters at hand. *See Elliot*, 639 F. Supp. 3d at 1022 (denying request for judicial notice "because the Court finds these materials not relevant to the resolution of Defendants' Motion.").

***Levenson Decl. Ex. 8.*** This Court should decline to take judicial notice of Exhibit 8 to the Levenson Declaration because it is irrelevant for deciding the matters at hand as Harvey does not cite or rely on the tweet anywhere in her Opposition. *See Elliot*, 639 F. Supp. 3d at 1022.

***Levenson Decl. Ex. 9.*** The Court should deny Harvey's request to judicially notice excerpts from Netflix's 2024 10-K filing with the Securities and Exchange Commission because the SEC filing is irrelevant to decide the matters before this Court. Indeed, Harvey admits as much because she does not attempt to cite or rely on Exhibit 9 at any point in her Opposition. *See generally* Opposition. For this reason, the Court should deny Harvey's request. *See Elliot*, 639 F. Supp. 3d at 1022.[2]

### III. CONCLUSION

For the foregoing reasons, Netflix respectfully requests that this Court deny Harvey's Request in its entirety.

---

[2] Harvey argues that Exhibits 2, 8, and 9 can be judicially noticed for the additional reason that they are incorporated by reference in the Complaint. Request at 5, 7. However, this is not so. As stated above, Exhibits 2, 8, and 9 are irrelevant and for a document to be incorporated by reference, there "must be no disputed issues as to the document's relevance." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

Dated: September 4, 2024

Respectfully submitted,

LATHAM & WATKINS LLP
Marvin S. Putnam

By  */s/ Marvin S. Putnam*
Marvin S. Putnam
Attorney for Defendants
Netflix, Inc., and Netflix Worldwide Entertainment, LLC

8

Case No. 2:24-cv-04744-RGK-AJR
DEFENDANTS' OPP. TO PLAINTIFF'S RJN IN OPP.
TO DEFENDANTS' MOTION TO DISMISS

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY