Richard A. Roth * *Pro Hac Vice*
Email: Richard@rrothlaw.com
Brian S. Levenson * *Pro Hac Vice*
Email: Brian@rrothlaw.com
THE ROTH LAW FIRM, PLLC
295 Madison Avenue, 22nd Floor
New York, NY 10017
Phone: 212-784-6699

Allen Hyman (California State Bar No. 73371)
LAW OFFICES OF ALLEN HYMAN
10737 Riverside Drive
North Hollywood, CA 91602
Phone: (818) 763-6289
Fax: (818) 763-4676
E-mail: lawoffah@aol.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIONA HARVEY,<br><br>         Plaintiff,<br><br>    v.<br><br>NETFLIX, INC. and NETFLIX WORLDWIDE ENTERTAINMENT, LLC,<br><br>         Defendants. | Case No. 2:24-cv-04744-RGK-AJR<br><br>**PLAINTIFF'S APPLICATION FOR LEAVE TO FILE DOCUMENTS IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE UNDER SEAL** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Local Rule 79-5.2.2(a), Plaintiff Fiona Harvey hereby applies for leave to file under seal Exhibits 1-23 to the Declaration of Fiona Harvey submitted in opposition to Netflix's Motion to Strike.

The common law right of access to judicial proceedings "is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Documents may be sealed when the compelling reasons for doing so outweigh the public's right of access. *EEOC v. Erection Co.*, 900 F.2d 168, 170 (9th Cir. 1990). "The Ninth Circuit has held that compelling reasons exist to keep personal information confidential to protect an individual's privacy interest and to prevent exposure to harm or identity theft." *Activision Publ'g, Inc. v. EngineOwning UG*, 2023 WL 2347134, at *1 (C.D. Cal. Feb. 27, 2023) (citing *Foltz*, 331 F.3d at 1134; *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)); *see also Stiner v. Brookdale Senior Living, Inc.*, 2022 WL 1180216, at *2 (N.D. Cal. Mar. 30, 2022) (courts "routinely find compelling reasons to seal personally-identifying information that has minimal relevance to the underlying causes of action"). In addition, "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

Plaintiff respectfully requests that Exhibits 1-23 to the Declaration of Fiona Harvey in Opposition to Netflix's Motion to Strike (the "Harvey Exhibits") be filed under seal because the Harvey Exhibits contain personally identifiable and/or private information of third parties which, if made public, and in light of the high-profile

2

**PLAINTIFF'S APPLICATION FOR LEAVE TO FILE DOCUMENTS IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE UNDER SEAL**
Case No. 2:24-cv-04744-RGK-AJR

nature of this dispute, "might [] become a vehicle for improper purposes," including "to gratify private spite," "promote public scandal," and/or "circulate libelous statements." *See* Declaration of Brian Levenson in Support of Plaintiff's Application for Leave to File Documents in Opposition to Defendants' Motion to Strike at ¶¶ 10-11.

The Harvey Exhibits comprise a series of online messages received by Plaintiff in which she has been insulted, abused, threatened with rape and encouraged to kill herself. Avoiding the harm that could come from potential retaliation against those who sent the messages, is a compelling reason to seal these documents that outweighs the public's interest in disclosure. *U.S. Tobacco Coop. Inc. v Big S. Wholesale of Virginia, LLC*, 5:13-CV-527-F, 2016 WL 3573929, at *1 (E.D.N.C. 2016)(sealing documents that contained "information that could subject certain individuals to physical harm and/or harassment"); *Dish Network LLC v. Sonicview USA, Inc.*, No. 09-CV-1553 L (NLS), 2009 WL 2224596, at *7 (S.D. Cal. 2009) (finding that protecting the identities of individuals who had served as confidential informants, and thereby protecting them from being subjected to threats of physical harm, outweighed the presumption of access to court records); *Anonymous v C.I.R.*, 127 TC 89, 2006 WL 2572907 (Tax Ct. 2006).

Plaintiff previously made an application to file under Exhibits 1-23 of the Harvey Declaration. ECF 38. The Court denied the application without prejudice. ECF 58. In doing so, the Court stated, "While the Court agrees that any identifying information of third parties should be filed under seal, the same cannot be said of the messages themselves." *Id.* As filed with this Court, the Harvey Exhibits contain limited redactions necessary to protect the privacy of Plaintiff and other third parties, and to prevent this information from becoming a vehicle for improper purposes.

Plaintiff requests that the Court enter the attached Proposed Order Granting Plaintiff's Application for Leave to File Documents in Opposition to Netflix's Motion to Strike Under Seal.

DATED: September 5, 2024          Respectfully submitted,

*s/ Brian S. Levenson*

By: _____
Brian S. Levenson * *Pro Hac Vice*
THE ROTH LAW FIRM, PLLC
295 Madison Avenue, 22nd Floor
New York, NY 10017
Phone: 212-784-6699
Email: brian@rrothlaw.com

Allen Hyman (California State Bar No. 73371)
LAW OFFICES OF ALLEN HYMAN
10737 Riverside Drive
North Hollywood, CA 91602
Phone: (818) 763-6289
E-mail: lawoffah@aol.com

*Attorneys for Plaintiff*

4

**PLAINTIFF'S APPLICATION FOR LEAVE TO FILE DOCUMENTS
IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE UNDER SEAL**
Case No. 2:24-cv-04744-RGK-AJR