Allen Hyman (S.B. # 73371)
lawoffah@aol.com
LAW OFFICES OF ALLEN HYMAN
10737 ½ Riverside Drive
North Hollywood, CA 91602
P; (818) 763-6289
Richard A. Roth * *Pro Hac Vice*
rich@rrothlaw.com
Brian Levenson * *Pro Hac Vice*
brian@rrothlaw.com
THE ROTH LAW FIRM, PLLC
295 Madison Ave., Fl.22
New York, NY, 10017
P: (212) 542-8882

Attorneys for Plaintiff Fiona Harvey

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FIONA HARVEY<br><br>Plaintiff,<br><br>v.<br><br>NETFLIX, INC., *et al.*,<br><br>Defendants. | Case No. 2:24-cv-04744-RGK-AJR<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION PURSUANT TO RULE 54(b) TO RECONSIDER THE ORDER DISMISSING RIGHT OF PUBLICITY CLAIMS**<br><br>Hearing Date: December 7, 2026<br>Time: 9:00 a.m.<br>Place: Courtroom 850<br><br>U.S. District Judge:<br>Hon. R. Gary Klausner |

## I. PROCEDURAL TIMELINESS AND PROPRIETY

### A. The Motion is Timely Following the Lifting of the Appellate Stay

On September 27, 2024, the Court issued its Order granting in part Defendants' Motion to Dismiss (ECF No. 69). Shortly thereafter, the Court entered an order granting a joint stipulation to stay all proceedings in this action as of October 3, 2024 pending Defendants' appeal of the anti-SLAPP ruling and vacating all pre-trial deadlines (ECF No. 78). Only six days had elapsed between the entry of the dismissal order and the effective date of this stay.

On October 23, 2026, following receipt of the Ninth Circuit's mandate dismissing the appeal, this Court officially lifted the stay of this action. ECF No. 80. Running the remaining eight days of the 14-day limit under Local Rule 7-18 yields a computational deadline of Saturday, October 31, 2026. Pursuant to Federal Rule of Civil Procedure 6(a)(1)(C), because the final day of the period falls on a Saturday, the deadline is automatically extended to the next day that is not a weekend or legal holiday. Accordingly, this motion is timely filed on Monday, November 2, 2026.

To the extent that a strict chronological reading of the 14-day window under Local Rule 7-18 is applied, the divesting of this Court’s jurisdiction and the wholesale vacatur of all pretrial deadlines constitute “good cause” to permit review at this juncture.

Furthermore, in strict compliance with C.D. Cal. Local Rule 7-3, counsel for the parties met and conferred regarding the grounds for this motion on October 26, 2026.

### B. Interlocutory Review is Proper Under Rule 54(b) and L.R. 7-18(c)

Under Federal Rule of Civil Procedure 54(b) and L.R. 7-18(c), this Court retains the inherent plenary power to revise interlocutory rulings where the court

committed clear error or the initial decision was unjust and material facts were not considered. *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). While Local Rule 7-18 details the district's framework for managing finality – focusing on a manifest failure to consider material facts – the Court's broader authority under Rule 54(b) allows it to correct a conflict between a holding's literal phrasing and the controlling statutory law before final judgment is entered. *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 916, 925 (9th Cir. 2001).

Reconsideration is appropriate here because the Court failed to consider material facts presented to the Court and the final language used on page 17 of the Order introduces a dispositive threshold pleading requirement – pre-existing "fame" – that excludes non-celebrity private plaintiffs, directly conflicting with the plain text of California Civil Code § 3344 and established California law.

## II. ARGUMENT: THE RIGHT OF PUBLICITY HAS NO FAME REQUIREMENT, AND THE COMPLAIN ADEQUATELY ALLEGES ADVANTAGE

The Order dismissing Plaintiff's right of publicity claims recites the elements of the claims as follows: "To plead a violation of the California common law right of publicity, a plaintiff must allege: (1) the defendant used his identity; (2) the appropriation of his identity was to defendant's advantage, commercially or otherwise; (3) he did not consent; and (4) he was injured as a result. To plead a violation of the right of publicity under California Civil Code § 3344, a plaintiff must allege: the defendant (1) knowingly (2) used his name, voice, signature photograph, or likeness; (3) for purposes of advertising (4) without his consent." Order at 17.

In evaluating Plaintiff's right of publicity claims, the Court concluded its analysis by stating: "Plaintiff does not allege that she is famous such that Defendants would stand to gain by using her identity." ECF No. 69, p. 17-18. Respectfully, imposing a threshold pleading requirement of pre-existing "fame" or celebrity status directly conflicts with both the plain statutory text and established California law.

The legislative history of § 3344 directly refutes any fame requirement. In *Miller v. Collectors Universe, Inc.*, 159 Cal. App. 4th 988, 72 Cal. Rptr. 3d 194 (2008), the California Court of Appeal traced the statute's origins and found that § 3344(a) "was intended to fill 'a gap which exist[ed] in the common law tort of invasion of privacy' as applied to non-celebrity plaintiffs whose names lacked "commercial value on the open market." *Miller v. Collectors Universe, Inc.*, 159 Cal. App. 4th 988, 1002, 72 Cal. Rptr. 3d 194 (2008). The court quoted the bill's sponsor, Assemblymember Vasconcellos, who wrote to Governor Reagan that unlike an entertainment or sports star, non-celebrity plaintiffs often could not prove damages under the common law; therefore, section 3344(a) as originally enacted in 1971 "established a concrete remedy for the little man with a minimum of $300 payment," "a simple, civil remedy for the injured individual." *Id.* The Miller court concluded that "by enacting section 3344(a), the Legislature provided a practical remedy for a non-celebrity plaintiff whose damages are difficult to prove and who suffers primarily mental harm from the commercial misappropriation of his or her name." *Id.* California courts agree. See *KNB Enters. v. Matthews*, 78 Cal. App. 4th 362, 92 Cal. Rptr. 2d 713 (2000)("California's appropriation statute is not limited to celebrity plaintiffs. Section 3344 provides for minimum damages of $750, even if no actual damages are proven."); *Dora v. Frontline Video, Inc.*, 15 Cal. App. 4th 536, 18 Cal. Rptr. 2d 790 (1993) ("both celebrities and non-celebrities have the right to be free from the unauthorized exploitation of their names and likenesses.").

The Court overlooked the allegations in the Complaint and Plaintiff's Opposition to the Motion to Dismiss that Defendants stood to gain by using Plaintiff's identity and likeness. As alleged in Paragraphs 20 and 24 the creator of *Baby Reindeer*, Richard Gadd, plays himself in a work represented in the opening title card – "this is a true story." As detailed in Paragraph 41, Defendants completely appropriated Plaintiff's identity – the character, 'Martha' shares Plaintiff's exact and highly specific biographical profile – a female Scottish lawyer, living in London, twenty years older than Gadd, who was previously subject to a distinct newspaper accusation (¶ 40, 41). Critically, Martha's physical appearance, accent, manner of speaking, and vocal cadence are completely indistinguishable from Plaintiff's own. ¶ 41; see Dkt. No. 44, Pl. Opp. to MTD at p. 2, 4, 16. Defendants actively commercialized the real-world intrigue of unmasking a private citizen who Defendants represent terrorized the protagonist Gadd – the creator himself. ¶ 36-39. Under California law, an advantage, "commercial, or otherwise," does not require a celebrity appearance; it is satisfied when a defendant leverages a private citizen's identity and likeness to make a commercial product more lucrative and compelling. The draw for the show is the representation Defendants made that this is a true story. ¶ 22. Defendants specifically needed "compelling content" - such as *Baby Reindeer* which Netflix represented to be the true story of a woman who terrorized Gadd in real life - to retain existing subscribers and attract new ones. ¶ 50. The unmasking of Plaintiff to create compelling content was a winning strategy for Defendants and attracted 56 million views in its opening weeks making it one of the most streamed shows of all time on Netflix. ¶ 21.

The Decision relied only on *Winter v. DC Comics*, 30 Cal. 4th 881, 889 (2003) for holding Harvey failed to plead fame. While *Winter* concerned a famous plaintiff, the *Winter* court's discussion of the plaintiff's fame arose in the context of

the court's analysis of a First Amendment transformative-use defense to a claim of a parodic misappropriation of a celebrity's likeness – not as an articulation of the elements of the claim itself. By treating a consideration relevant to a First Amendment defense as an element of the claim, the Order adds a fame requirement that neither § 3344 nor the common law contains. Here, the Court's decision observed that Harvey could overcome First Amendment defenses to her right of publicity claims based on the Supreme Court's decision in *Time Inc. v. Hill*, 385 U.S. 374, 390 (1967) which held "calculated falsehood should enjoy no [First Amendment] immunity in the situation here presented to us." Decision, at n. 5.

Because the literal text of the Order makes the absence of an allegation of "fame" a dispositive bar, and the Court overlooked the Complaint's allegations of using Plaintiff's identity and likeness to their advantage, Plaintiff respectfully submits that this warrants reconsideration of the Order dismissing Plaintiff's right of publicity claims. To protect the common law and statutory right of private, non-celebrity individuals to seek redress when their identities are commercially leveraged, Plaintiff respectfully requests that the Court exercise its Rule 54(b) authority to modify its interlocutory order.

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court reconsider its prior Order, modify the holding concerning the necessity of pleading pre-existing fame, and reinstate Plaintiff's common law and statutory right of publicity claims.

Dated: November 2, 2026

Respectfully submitted,

By: /s/ Brian Levenson
Brian Levenson (pro hac vice)

Richard A. Roth (pro hac vice)
THE ROTH LAW FIRM, PLLC
295 Madison Avenue, 22nd Floor
New York, NY 10017
Phone: 212-784-6699
Email: brian@rrothlaw.com
Email: rich@rrothlaw.com

Allen Hyman (Cal. Bar No. 73371)
LAW OFFICES OF ALLEN HYMAN
10737 Riverside Drive
North Hollywood, CA 91602
Phone: (818) 763-6289
E-mail: lawoffah@aol.com

*Attorneys for Plaintiff Fiona Harvey*

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff Fiona Harvey, certifies that this brief contains 1,701 words, which complies with the word limit of L.R. 11-6.1.

Dated: November 2, 2026

By: *<u>/s/ Brian Levenson</u>*
Brian Levenson (pro hac vice)
Attorneys for Plaintiff Fiona Harvey